## AMERICAN SURETY CO. v. MORTON.

No. 1776.   Opinion Filed April 9, 1912.

(122 Pac. 1103.)

1. **PRINCIPAL AND AGENT**—Liabilities to Third Parties—Unauthorized Contract. If a man contracts as agent, but without authority, for a principal whom he names, he cannot bind his alleged principal by the contract; but the party whom he induces to contract with him may sue the alleged agent upon a warranty of authority if said agent honestly believed that he had authority which he did not possess, or he may sue the alleged agent in an action of fraud and deceit if the professed agent knew he had not the authority which he assumed to possess and exercise, but he cannot sue the agent on the contract, unless the contract contains apt words to bind him personally.

2. **SAME.** In an action by a third person against one who assumes authority to enter into a contract as agent for another, or against an agent for acting in excess of his authority, the measure of damages is the loss which has accrued to the third person as a natural consequence of the want of authority, and is not limited by the contract, but embraces all injuries resulting from the wrongful assumption.

(Syllabus by Robertson, C.)

*Error from Washington County Court;*
*A. T. Dumenil, Judge.*

Action by the American Surety Company against A. D. Morton. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. T. Shipman,* for plaintiff in error.

*Montgomery & O'Meara,* for defendant in error.

Opinion by ROBERTSON, C. The plaintiff brought this suit against defendant to recover premiums alleged to be due on guardian's bond, and for expenses incurred in attempting to collect the same. The judgment of the lower court was for the defendant. The complaint, in substance, charges that in March, 1904, the defendant, Morton, representing to plaintiff that he was the agent of one James Donnelly, made application to have it become surety on the bond of one Silas Bryan as guardian of his (Bryan's) children, and by the terms of the agreement Donnelly was to sign a contract which would obligate the guardian to pay $5 per year premium on the bond until it was released. Donnelly's name was signed by Morton. It is charged that Morton had no authority to sign Donnelly's name to the application, and that, therefore, Morton became liable to the surety company to the same extent as if he had signed his own name, instead of Donnelly's. This action is on the contract itself, and plaintiff does not attempt to recover on defendant's warranty of his authority to sign the name of his principal, nor does it attempt to recover against defendant for damages for fraud and deceit.

The case was tried to the court without a jury, and at the request of the surety company the court made special findings of fact, among which are the following:

"(1) The court finds that the defendant, Morton, made no representations as to his authority that were untrue, or that he had reason to believe were untrue.

"(2) The court finds that plaintiff's agent who took the application for the bond in this case was not deceived as to Morton's authority by anything that was said or done by Morton, and that Morton answered truthfully the questions asked him."

It seems plain that Morton would not be personally liable on the contract as sued on herein, inasmuch as the court found that he acted honestly, and that the agent was not deceived as to Morton's authority to sign Donnelly's name. Lawson on Contracts, sec. 195, lays down the rule in such case as follows:

"Although there are decisions which hold an agent personally liable on a contract which he makes in the name of another without his authority, they are clearly wrong, for it is not the business of courts to make contracts for parties which neither of them intended to make or would have consented to make."

This does not mean that the surety company would be left without a remedy, for, as the author above quoted says in the latter part of section 195, *supra*:

"The agent's liability in such a case is either upon an implied warranty of authority on his part, when he acts in good faith, or upon the ground of fraud when he intentionally misrepresents his authority. The party contracted with has the right, on learning the facts, to repudiate the contract and to hold the assumed agent immediately responsible for damages, without waiting for the time when an action would lie on the contract itself, and the damages are to be measured, not by the contract, but by the injury resulting from the agent's want of power."

Anson on the Law of Contract (American Ed.) sec. 422, lays down the rule as follows:

"If a man contracts as agent, but without authority, for a principal whom he names, he cannot bind his alleged principal by the contract; but the party whom he induces to contract with him has one of two remedies: (a) If the alleged agent honestly believed that he had an authority which he did not possess, he may be sued upon a warranty of authority. * * * (b) If the professed agent knew that he had not the authority which he assumes to possess, he may be sued by the injured in the action of deceit."

Lawson on Contracts, sec. 195, further says:

"But it would be stating the rule rather too broadly to say that the agent is liable on this warranty of authority, even where he *bona fide* believes that he had the authority, though this would seem to be the doctrine of the leading English case. If he enters into a contract as the agent of another, and does so honestly, at the same time fully disclosing all the facts touching his authority, so that a person contracting is fully informed of the authority possessed or claimed by him, he does not become personally liable if it turns out that he really had no authority."

In 31 Cyc. p. 1614, it is said:

"As to the ground upon which the liability of an agent contracting for another without authority rests, the authorities in the several states differ widely, nor is it easy to reconcile the various decisions in the same state. In some jurisdictions, particularly in the earlier cases, it is held that an action may be maintained against the agent as principal upon the contract itself, although it contains no apt words to bind him personally, but only to bind the principal, upon the theory that the contract must have been intended to bind some one; if not the principal, then the agent. By the great weight of recent authority, however, this theory has been emphatically repudiated, and it is now generally held, more logically, that the agent cannot be held upon the contract unless it contains apt words to bind him personally, in the absence of which the only remedy is by an action for the breach of his implied warranty or an action for deceit if the circumstances warrant the latter remedy."

These authorities, without doubt, are decisive of the question raised in this case. The plaintiff below sued Morton on the contract, just as though he had signed his own name instead of Donnelly's. The recovery under the complaint would of necessity have been measured by the terms of the contract itself. A recovery under an implied warranty of authority would have been measured by the real damage sustained by the breach of the warranty. The rule for the measure of damages in such case is stated in 31 Cyc. 1551, as follows:

"In an action by the third person against one who assumed authority to enter into a contract as agent for another, or against an agent for acting in excess of his authority, the measure of damages is the loss which has accrued to the third person as a natural and probable consequence of the want of authority, and is not limited by the contract but embraces all injuries resulting from the wrongful assumption."

The contract contains no reference to Morton, nor are there any apt words which tend to bind him personally. Clearly, under the pleadings, no recovery could have been had on the contract. None was sought on any other theory. Therefore it necessarily follows that the judgment of the county court of Washington county was correct, and should be in all things affirmed.

By the Court: It is so ordered.