## SPENCER v. LAMBERT.

No. 8662—Opinion Filed June 11, 1918.

Rehearing Denied July 23, 1918.

(173 Pac. 1035.)

(Syllabus.)

**1. Malicious Prosecution — Defense — Sufficiency of Complaint.**

The defendant in an action for malicious prosecution will not be permitted to allege the insufficiency of the complaint on which he caused plaintiff's arrest to shield himself from the consequences of his act.

**2. Appeal and Error—Instructions—Review —Exception.**

Instructions to the jury will not be examined by this court unless properly excepted to in the trial court.

**3. Appeal and Error—Malicious Prosecution —Reversal—Excessive Damages.**

Record examined, and held, that the verdict rendered is fairly supported by the evidence; that the damages awarded, whilst liberal, are not excessive; and that there was no error committed in the matter of pleading or procedure, or in the instructions given to the jury, which probably resulted in a miscarriage of justice, or constituted a substantial violation of any statutory or constitutional right of the defendant.

**4. Reversible Error—Statute.**

Section 6005, Rev. Laws 1910, provides: "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Error from District Court, McCurtain County; C. E. Dudley, Judge.

Action by Louise V. Lambert against William Spencer. Judgment for plaintiff, and defendant brings error. Affirmed.

Gore & Hosey, J. O. Livesay, and Ames, Chambers, Lowe & Richardson, for plaintiff in error.

John Cocke, Ben Cravens, and J. M. Willis, for defendant in error.

KANE, J. This was an action for damages for malicious prosecution, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter for convenience the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court. Upon trial to a jury there was a verdict for the plaintiff in the sum of $2,500, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Counsel for defendant in their brief have summarized their grounds for reversal into subheads as follows: (1) The court erred in overruling the defendant's demurrer to the petition; (2) the court erred in overruling the defendant's demurrer to the evidence introduced on behalf of the plaintiff; (3) the verdict is contrary to the law and the evidence; (4) the verdict is excessive, appearing to have been given under the influence of passion and prejudice; and (5) the court erred in instructions given to the jury. We will consider these grounds for reversal in the order set out above, except that we will transpose No. 4 and No. 5.

Defendant's first ground for reversal is based upon the theory that, inasmuch as plaintiff's petition discloses that the complaint upon which her arrest was predicated did not charge her with any criminal offense known to the law, said petition did not state facts sufficient to constitute a cause of action for malicious prosecution against the defendant. The complaint charged the plaintiff, a school teacher, with "the offense of beating a board bill by leaving my house and not paying the same to the amount of $15, contrary to the statute in such cases made and provided," etc. The statute referred to, section 2704, Rev. Laws 1910, provides:

"Any person who shall obtain food, lodging or other accommodation at any hotel, inn, boarding and eating houses, with intent to defraud the owner or keeper thereof, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding one hundred dollars, or imprisonment in the county jail not more than thirty days."

It is quite apparent that the charging part of the complaint, "beating a board bill," does not describe with accuracy the offense created by the statute, but the words used were selected by the defendant himself, and they, no doubt, constitute a fair translation of the statutory offense into his own language. At any rate, the complaint seems to have accomplished the purpose for which it was intended, of bringing about the arrest of the plaintiff. In these circumstances, the complainant will not be permitted to say in answer to a charge of malicious prosecution that the complaint charged no public offense. There is some authority supporting the contention of counsel for the defendant, but the weight of authority, we think, is to the contrary. 26 Cyc. 10.

Cyc. in a note collects a great many authorities as supporting the majority view, among them Bell v. Keepers, 37 Kan. 64, 14 Pac. 542, wherein it was said:

"This is no longer an unsettled question in this state. This court has repeatedly held that it cannot protect a complainant who, after procuring a warrant to issue on his complaint, to say in answer to a charge of malicious prosecution, that the complaint charges no crime. A void process procured through malice, and without probable cause, is even more reprehensible, if possible, than if it charges a criminal offense. The wrong is not in the charge alone, but more in the object and purposes to be gained, and the intention and motive in procuring the complaint and arrest. The contents of the complaint, when maliciously made and without good cause, are of but little consequence, and can give no protection."

In Minneapolis Threshing Machine Co. v. Regier, 51 Neb. 402, 70 N. W. 934, the court, after reviewing at length some of the cases relied upon by counsel for defendant, says:

"They are opposed to the best weight of authority. We believe it is the general doctrine that the defendant in an action for malicious prosecution will not be permitted to allege the insufficiency of the complaint on which he caused plaintiff's arrest to shield himself from the consequences of his act."

As the next two grounds for reversal seem to be based substantially upon the same contention as the first, and are supported by practically the same argument and authorities, it is not necessary to notice them in detail.

In their fifth ground for reversal, counsel contend that the instructions complained of are erroneous for the reason that the question of probable cause is for the court and not for the jury, and in the instructions given the court submitted the question of probable cause to the jury. As there were

no objections made or exceptions saved to the giving of these instructions, this error is not presented for review by the record before us. It is well settled that instructions to the jury will not be examined by this court, unless properly excepted to in the trial court. Kennedy v. Goodman, 39 Okla. 470, 135 Pac. 936.

Having reviewed all the errors assigned affecting the pleadings and proceedings had at the trial, and finding them to be without merit, nothing remains for consideration except the contention that the verdict of the jury is excessive. The case, as we have seen. was tried and submitted to the jury comparatively free from error, and there is nothing to indicate that the verdict was influenced by passion or prejudice except the size thereof. Whilst we think the assessment of damages was liberal, we do not believe it was excessive, or that it was influenced by passion or prejudice. We find little in the record to justify the conduct of the defendant in causing the arrest of a respected member of an honorable profession upon the charge preferred against her. As we have no doubt whatever that the plaintiff is entitled to recover substantial general damages there being nothing in the record to indicate bias or passion on the part of the jury, we will not disturb the verdict rendered in her favor.

From a careful examination of the entire record, we are convinced that the defendant was accorded a fair and impartial trial; that the verdict rendered is supported by the evidence; that the damages awarded, whilst liberal, are not excessive; and that there was no error committed in the matter of pleading or procedure, or in the instructions given to the jury which probably resulted in a miscarriage of justice or which constituted a substantial violation of any statutory or constitutional right of the defendant. Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

For the reasons stated, the judgment of the court below must be affirmed.

All of the Justices concur.