## FIREBAUGH v. DU BOIS.

No. 9004—Opinion Filed July 23, 1918.

(173 Pac. 1126.)

**1. Appeal and Error—Reservation of Exceptions—Instructions.**

This court will not review an instruction given on the trial of a cause, unless the instruction is excepted to at the time it is given.

**2. Trial—Instructions—Refusal.**

It is not error to refuse an instruction, based upon a state of facts to support which there is no evidence.

(Syllabus by Davis, C.)

Appeal from County Court, Caddo County: C. R. Johnston, Judge.

Action by H. O. Du Bois against F. Firebaugh. A motion for a new trial was denied, and defendant brings error. Affirmed.

See, also, 59 Okla. 236, 158 Pac. 924.

Bristow & MacFayden, for plaintiff in error.

A. J. Morris, for defendant in error.

Opinion by DAVIS, C. The parties to this cause of action will be referred to as they appeared in the county court of Caddo county, Okla. Some time prior to the 28th day of May, 1914, F. Firebaugh, defendant in this case, obtained a judgment against Milo Du Bois, the father of the plaintiff in this action. A judgment was obtained before a justice of the peace in Caddo county, and a transcript of said judgment was later filed in the district court of Caddo county. On or about the 28th day of May, 1914, Mr. Firebaugh had an execution issued in the case, wherein he was plaintiff and Milo Du Bois, defendant, and the execution was placed in the hands of the sheriff of Caddo county. Milo Du Bois and H. O. Du Bois, plaintiff in this case, were the owners of a herd of cattle located in a pasture near Gracemont, in Caddo county. When the execution was placed in the hands of the sheriff for the purpose of collecting a judgment held by Mr. Firebaugh against Milo Du Bois, the sheriff went to the pasture where the cattle in question were located, and at the direction of the defendant in this case levied upon 30-odd head of cattle, and took them to a pasture near Gracemont, Okla., where they were held pending the advertisement for sale under the execution. The plaintiff in this case was not present when the execution was levied and the cattle were taken from the pasture, and did not know that the 9 cattle described and set out in the petition of plaintiff had been levied upon by the sheriff for the purpose of satisfying the indebtedness due to Mr. Firebaugh by Milo Du Bois. Some time after the levy and sale of the cattle the plaintiff in this case went to the pasture where his cattle were located, and discovered that 9 head of his steers were missing. Upon making an investigation he ascertained that the steers had been taken by the sheriff under an execution issued in the case of Firebaugh v. Milo Du Bois, and had been sold to satisfy said judgment. He immediately went to the pasture where his nine steers were located and took with him one of the deputy sheriffs, who had made the levy, and pointed out his cattle to the deputy sheriff. This action was commenced for the purpose of recovering from the defendant the value of the 9 steers thus levied upon and sold to satisfy the judgment held by Mr. Firebaugh against Milo Du Bois. The defense interposed by the defendant is that the plaintiff herein is estopped from now asserting title and ownership to the 9 steers in question; that the plaintiff had knowledge that the steers had been levied upon, and failed and neglected to assert any ownership to said cattle prior to the advertisement and sale under the execution; and that by his silence he is now estopped from claiming title to the steers and recovering their value in this action. Upon those issues the cause was submitted to a jury in the county court of Caddo county, Okla., and a verdict was returned in favor of the

plaintiff for the sum of $360, with interest from the 28th day of May, 1914. A motion for new trial was filed and overruled. From the action of the county judge in overruling the motion for new trial, the defendant prosecutes this appeal by petition in error to this court.

There are only two assignments of error that require any consideration in this case. The second assignment of error is as follows:

"The court erred in giving the following instructions to the jury, to wit: Instruction No. 4 reads as follows: 'You are instructed that if you believe from the evidence that Harry Du Bois was the owner of the cattle here in question, then your verdict should be for the plaintiff for the value of the property on the 28th day of May, 1914, with 6 per cent. interest thereon from said date.' (Excepted to by the defendant, and exceptions by the court allowed.) Instruction No. 5 reads as follows: 'The jury is instructed that if you believe from the evidence that the property set out in the petition was the property of the plaintiff, and not the property of one Milo Du Bois, against whom the execution had issued, then and in that event, your verdict should be for the plaintiff.' "

It is urged by counsel for the defendant that the foregoing instructions are duplicates, and that by giving said instructions the court granted undue emphasis to that phase of the case embodied in said instructions. An examination of the record discloses that instruction No. 5 was not excepted to by the defendant at the time it was given. In order to predicate error upon an instruction, it is necessary that the instruction complained of should be excepted to in the lower court. In the case of Shuler et ux. v. Collins, 40 Okla. 126, 136 Pac. 752, the rule is announced as follows:

"The court will not review an instruction given on the trial of a cause, unless the instruction is excepted to at the trial, and exception made to appear of record, and the objection pointed out in the trial court by motion for new trial."

The second assignment of error is the refusal of the trial court to give a special instruction offered by the defendant. The instruction is as follows:

"The jury is instructed that it is a principle of law that a man who takes an active part in leading others into error cannot ask that the consequences of his mistake be thrown on others. You are further instructed that if you believe from the evidence that the plaintiff had knowledge that the sheriff was about to sell his property under and by virtue of an execution levied upon the property of one Milo Du Bois, and that he stood by, having knowledge that the same was to be sold and possession taken thereunder, and made no objection thereto, then he is estopped from claiming damages by reason of said sale, and cannot recover by reason of alleged wrongful conversion of the property so sold under and by virtue of the execution, then, in that event, your verdict should be for the defendant."

The action of the court in refusing to give the foregoing instruction is not error, for the reason that there is no evidence in the record to warrant the court in submitting said instructions to the jury. If it should be conceded that the instruction as drawn is a correct statement of an abstract principle of law, there is no evidence in this record that tends to show that the plaintiff in this case had any knowledge that his cattle had been levied upon by the sheriff of Caddo county for the purpose of satisfying a judgment owing by Milo Du Bois to the defendant herein; but the evidence affirmatively shows that the plaintiff did not know of such levy, and that a sale had been made under and by virtue of the execution.

As soon as he ascertained that his cattle had been taken and appropriated to the satisfaction of a judgment due by his father to the defendant herein, he instituted this action to recover their value. It is not error for the court to refuse an instruction, where there are no facts or evidence in the record upon which the instruction could be based. In the case of Shuler et ux. v. Collins, supra, the rule is announced as follows:

"Plaintiffs in error requested the court to instruct the jury that if they believed from the evidence that the farm in Roger Mills county was of no more value and was equal to the value of the farm in Wright county, Mo., then their verdict should be for the defendants. The court properly refused to give this instruction, for the reason that there is no evidence in the record to which it could apply. There is considerable evidence as to the value of the farm in Roger Mills county conveyed by plaintiff, but the only evidence as to the value of the Wright county farm conveyed by Shuler is that it is worthless. It is not error to refuse an instruction, based upon a state of facts to support which there is no evidence." Kingfisher v. Altizer, 13 Okla. 121, 74 Pac. 107; Kennedy v. Goodman, 39 Okla. 470, 135 Pac. 936.

The foregoing assignments of error not being well taken, it follows that the judgment of the lower court should be affirmed. The only question for determination in this case was the ownership of the cattle levied upon and sold by the defendant to satisfy a judgment due him by Milo Du Bois. That

presented a question of fact, which was properly submitted to a jury. The verdict of the jury is amply supported by competent evidence, and we therefore recommend that the judgment be in all things affirmed.

By the Court: It is so ordered.