## KANSAS CITY SOUTHERN RY. CO. v. PEARSON.

No. 14394—Opinion Filed Nov. 20, 1923.

**1. Appeal and Error—Review—Conflicting Evidence.**

Where, in the trial of a cause, submitted to a jury for determination, the evidence is conflicting, and there is any competent evidence reasonably tending to support the verdict, same will not be reversed on appeal.

**2. Same—Affirmance.**

Record examined, and held, that there was competent evidence submitted to the jury, reasonably tending to support the verdict for the plaintiff, and that the judgment entered thereon should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Sequoyah County; Roy Frye, Special Judge.

Action by J. F. Pearson against the Kansas City Southern Railway Company, for damages for injury to live stock. Judgment for plaintiff, and defendant prosecutes appeal. Affirmed.

Joseph R. Brown and Jas. B. McDonough, for plaintiff in error.

James W. Breedlove, for defendant in error.

Opinion by SHACKELFORD, C. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

This suit was originally filed in the justice of the peace court, and there judgment was rendered in favor of the plaintiff and against the defendant for the sum of $100, for loss of a cow alleged to have been struck by one of the defendant's trains, resulting in injury from which she died. The defendant appealed the cause to the district court of Sequoyah county, where it was tried de novo upon an amended bill of particulars filed in the said district court on the 22nd of January, 1923. The plaintiff alleges in his bill of particulars that his cow was struck by one of defendant's trains at a place on the railroad where it was not fenced, and the result was that the cow died; and that she was worth the sum of $100, and praying judgment in said sum for his damages. The defendant answered by general denial; and by a further plea that if the cow was injured on the railroad it was because of the plaintiff's own fault in allowing the cow to run outside and stray upon the right of way. The cause was tried to a jury on January 22, 1923, and was submitted to the jury on the testimony of the plaintiff and the defendant's section foreman on the section of road where the cow was charged to have been injured. The verdict of the jury was for the plaintiff for the sum of $100 for the value of the cow; and the defendant appealed.

Several assignments of error were made by defendant in its motion for a new trial; but there is but one question which it will be necessary for us to examine to properly dispose of this appeal, and that is, Was the cow struck by one of the defendant's trains? And if so, Was she struck at a point where the defendant was required to fence its right of way? If the cow was struck at a place where the defendant was required to fence its right of way, then the defendant is admittedly liable for such injury as was actually done. If the cow was struck by the train, but not at a place where defendant was required to maintain a fence along its right of way, the defendant's liability would depend upon whether the cow was negligently struck.

The testimony offered by the plaintiff was to the effect that he went out to look for his cow shortly after one of defendant's trains had passed, and found her on or near the defendant's right of way, and the cow was skinned on one side, and bleeding, and was hurt in the shoulder so that she was lame, and it was very difficult for her to walk. That he made some examination thereabout to see what had happened, and found hair and skin on the right of way, which, as he said was usual in such cases. That the place where she appeared to have been struck was not at a crossing, nor within the station or yard limits. That he got the cow home and tried to take care of her so that she might recover, but that she never got over the injury, and went down in health until she died. That she was hurt in the last part of July, and died in September. That at the place where she was hurt, there was no fence along the defendant's right of way; and that the cow was worth $100, and a total loss. In short, his testimony tended to prove that the cow was struck by one of defendant's trains at a point where defendant is required by law to fence its right of way; and that the cow died from the injury. If such was the case, defendant would be liable to the plaintiff for his loss.

The testimony of the section foreman tended to show that the place where the cow was hurt was within the yard limits, and where the company was not required to maintain a fence along its right of way.

Whether the cow was hit by the train, and if so, whether it was done at a point where the defendant is required to maintain a fence, were disputed questions of fact and

the testimony was conflicting. The jury found the general issue for the plaintiff, and the testimony reasonably supports the verdict.

We have examined the instructions given by the court, and there seems to be no error therein prejudicial to the defendant.

After a careful examination of the record in this case, and the assignments of error made by the defendant, and the authorities cited in support of its contentions, we reach the conclusion that there is no error in the record prejudicial to the defendant.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.