## ROSENDAHL v. SHIPMAN,

No. 13678—Opinion Filed March 4, 1924.

1. **Appeal and Error—Questions of Fact — Conclusiveness of Verdict.**

In a civil action triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and findings of the jury will not be disturbed on appeal.

2. **Same—Sufficiency of Instructions—Presumption.**

Where the instructions given were not excepted to, it would be assumed on appeal that they stated correct principles of law applicable to the issues made by the pleadings.

3. **Frauds, Statute of—Original Promise—Consideration.**

If a promise is on a sufficient consideration moving between the immediate parties to it and from which the promisor is to derive a benefit in view of which the promise is made, it becomes a new and independent contract existing entirely between the immediate parties to it.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by J. F. Shipman against B. E. Rosendahl. From judgment in favor of the plaintiff, defendant brings error. Affirmed.

Chas. R. Freeman, for plaintiff in error.

John T. Cooper, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, as plaintiff, brought an action in a justice of the peace court against the defendants, B. E. Rosendahl and Winnie Troupe Boyd, and recovered a judgment in the sum of $61.

The defendant B. E. Rosendahl appealed to the district court of McIntosh county, where the cause was tried before a jury and resulted in a judgment in favor of the plaintiff and against the defendant, Rosendahl, in the sum of $57.

The defendant, Rosendahl, filed a motion for new trial which was by the court overruled, exceptions saved and the cause comes regularly on appeal to this court.

Plaintiff in error raises two objections to the judgment against him in the lower court which are as follows: First, that the verdict of the jury and the judgment of the court are contrary to the law; second, that the court erred in his instructions to the jury.

The following are the facts necessary to be considered as disclosed in the record:

The plaintiff in error was a real estate agent and had listed with him for sale a small house and lot owned by one Winnie Troupe Boyd. It appears that a written contract of sale was prepared and signed by the parties, whereby Shipman, the defendant in error, agreed to buy the property in the record, but it is admitted by all the parties that this written contract provides that the 1920 taxes and all prior taxes should be paid by the vendor.

It appears, however, beyond dispute that Shipman paid the entire purchase price of the property to the plaintiff in error, Rosendahl, and that the deed to the property in question was delivered to Shipman by Rosendahl.

It is admitted that at the time of the payment of the purchase price by Shipman to Rosendahl, and the delivery of the deed to him by Rosendahl, a conversation took place between the parties with respect to the payment of the taxes mentioned. There is a sharp conflict in the testimony of the plaintiff in error and the defendant in error as to what was agreed to in the matter of the payment of the taxes. It is conceded that Boyd, the owner of the property, authorized and instructed Rosendahl to pay the taxes, including those of 1920, the subject of this action, and to deduct the amount from the purchase price to be paid by Shipman.

The testimony of Shipman is to the effect that before he wrote the check for the purchase price of the property he stated to the plaintiff in error that he would hold out the 1920 taxes and that the plaintiff in error told him to "Go ahead and give me a check for $350 (the balance due for the property) and I will take care of their taxes with a personal check of my own. I will see that the taxes don't bother you:" that, therefore, Shipman gave him a check for full amount due.

The taxes in question were not paid by either Rosendahl or Boyd, and the defendant in error paid the taxes in question, amounting to $57, and demanded of Rosendahl that he return the money. Rosendahl refused to pay and Shipman brought suit in the justice court against both Rosendahl and Boyd.

The testimony of Rosendahl is to the effect that he delivered the deed to Shipman and

took the money which Shipman paid him and sent it to Boyd. He stated that he had paid the taxes of 1916 and 1919, but denied that he ever agreed to pay the taxes of 1920.

There is testimony in the record corroborating the testimony of the defendant in error concerning the agreement of Rosendahl to pay the 1920 taxes.

This question of fact was submitted in the court to the jury under proper instructions and we conclude from a careful examination of the record that there is competent evidence reasonably tending to support the verdict of the jury. Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737; McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558.

The only other error complained of is that the court erred in instructing the jury.

These instructions have been examined and we think were fairly applicable to the case. Furthermore, the record discloses that there was no exception taken to the instructions of the court and therefore cannot be considered now in this court. Spencer v. Lambert, 68 Okla. 291, 173 Pac. 1035; Lusk v. Phelps, 71 Oklahoma, 175 Pac. 756; Firebaugh v. DuBois, 70 Oklahoma, 173 Pac. 1126.

Plaintiff in error says in his brief:

"But if we were to admit, for argument's sake, that he (plaintiff in error) did agree with Shipman to pay the 1920 taxes for Boyd, that the agreement is a void agreement and cannot be enforced, it being under the face of the statute of frauds."

The statute of frauds has, we think, no application to the case presented by this record. The promise is direct that Rosendahl would pay the 1920 taxes by his personal check if Shipman would pay to him the entire purchase price. The promise was absolute and for a benefit to be received by Rosendahl or his principal. In such case the promise need not be in writing.

"If a promise is on a sufficient consideration moving between the immediate parties to it and from which the promisor is to derive a benefit in view of which the promise is made, it becomes a new and independent contract existing entirely between the immediate parties to it." Reed v. Holcomb, 31 Conn. 361.

In the case of Goodwin v. Bowden, 54 Me. 425, it is said in the opinion:

"If a debtor having funds in the hands of his agent orders him to pay a creditor and the agent promises to execute the order and the creditor accepts and relies upon the agent's promise the debtor's power to control the funds is gone. The agent becomes an original promisor, and the creditor may have an action of assumpsit against him if he does not keep his promise. No consideration need pass as between the agent and the creditor. The funds in his hands are a sufficient consideration for his engagement. Being grounded upon the consideration of funds in his hands, it is an original undertaking, and the promise is not within the statute of frauds and need not be in writing. It is not a promise to pay the debt of another, but a promise to discharge an obligation resting upon himself. Having funds in his hands for which he is already liable, he agrees to discharge his liability by disposing of the funds as the owner directs."

We think this was an original agreement by the plaintiff in error, upon the strength of which the defendant in error performed his part of the agreement by paying the purchase price to the plaintiff in error. The promise was not within the statute of frauds.

It is often difficult to ascertain from the mere words of a promise whether it was a collateral or an original undertaking, and courts must rely upon the particular circumstances of each case. 20 Cyc. 164; Reed v. Holcomb, 31 Conn. 361.

For the reasons stated, we are of the opinion that the judgment of the lower court should be affirmed.

By the Court: It is so ordered.