## GEESLIN et al. v. FARNEY.

No. 14926—Opinion Filed Nov. 30, 1926.

Rehearing Denied March 15, 1927.

**1. Appeal and Error—Review—Conclusiveness of Verdict on Conflicting Evidence.**

Where a cause is tried to a jury, and the evidence is conflicting, and the cause is submitted upon instructions correctly stating the applicable law, the Supreme Court will not weigh the conflicting evidence to determine where the weight thereof rests, but if there is any competent evidence reasonably tending to sustain the verdict, the same will not be reversed on appeal.

**2. Attorney and Client—Attorney's Right to Stipulated Fee Where Collection is by Renewal Note.**

Where a holder of a promissory note and mortgage, providing 10% of the face of the note shall be added as attorney fee in the event default is made in the payment of principal and interest, and the note is placed in the hands of an attorney for collection, and the attorney in whose hands the note is placed for collection makes such arrangement for the collection thereof as is satisfactory to the holder of the note and mortgage, by renewal note, the attorney is entitled to the fee provided for in said note.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by J. P. Farney against Cora B. Geeslin and others, praying judgment on a promissory note and foreclosure of a mortgage on real property. Judgment for plaintiff, and defendants appeal. Affirmed.

Ledbetter, Stuart, Bell & Ledbetter and Titus & Talbot, for plaintiffs in error.

W. L. Owen. Hill & Kirkendall, and S. A. Horton, for defendant in error.

Opinion by RUTH, C. Action by J. P. Farney, as plaintiff, against Cora B. Geeslin and E. C. Geeslin to foreclose a certain mortgage given to secure the payment of $2,000 with interest and attorney's fees.

Defendants answer admits the execution of the note and mortgage to plaintiff, but pleads usury, alleging at the time they executed the note for $2,000, bearing 10% interest, they also executed a note in the principal sum of $200, and a mortgage securing same, to W. L. Owen, the agent of the plaintiff, and this note is the basis of the usury allegation.

Plaintiff replied, denying usury; the cause was tried to a jury, and a verdict returned for the plaintiff, and defendants appeal and bring this cause to this court for review upon petition in error and case-made.

Defendants state in their brief that:

"The vital issue in this case was whether or not the defendant in error was entitled to add to the amount of the renewal note the amount of $200 note and mortgage executed to W. L. Owen under the guise of 'attorney's fees' "

—and present the proposition that:

"The law does not permit a transaction that is really usurious to be concealed by any artifice or device, however skillful"

—citing: Garland v. Union Trust Co., 49 Okla. 654, 154 Pac. 676; Bristow v. Central State Bank, 68 Okla. 195, 173 Pac. 221; Holt v. Aetna B. & L. Ass'n, 78 Okla. 307, 190 Pac. 872; Ruby v. Warrior, 71 Okla. 82, 175 Pac. 355; McKenna v. Thorn, 87 Okla. 74, 209 Pac. 1039; Bean v. Rumrill, 69 Okla. 300, 172 Pac. 452; Dandois v. Raines, 115 Okla. 88, 241 Pac. 1099, and other cases; but an examination of the cited cases discloses they are not in point.

The evidence in the instant case discloses C. A. and Martha Hask formerly owned the property pledged by this mortgage to secure the note. The Hasks had executed a note in the sum of $2,000 secured by mortgage, and plaintiff was the holder thereof. The Hasks conveyed the land to Geeslin. There was default in the payment of the note, and plaintiff placed the same in the hands of W. L. Owen, a duly licensed and practicing attorney, for collection. The note contained a clause providing for 10% attorney's fee in case of default and the placing of the note in the hands of an attorney for collection. Demand was made on the defendant by Owen and negotiations were opened, resulting in an agreement between Owen and Geeslin whereby Owen agreed to use his best endeavors to have plaintiff accept a new note and mortgage for the amount due, provided defendants would pay his, Owen's, attorney fee of $200 as provided in the note. Defendants thought the attorney's fee excessive,

as there would be no court proceedings, but finally defendants executed the note and mortgage sued upon, and executed a note for $200, payable to Owen and secured by a second mortgage. This $200 note is not involved in this action, and it is upon this not the cross-petition of usury is founded.

Under the terms of the original note executed by the Hasks, the attorney was clearly entitled to the fee therein provided, whether he foreclosed the mortgage or not. It is the policy of the law to avoid litigation wherever possible, and an attorney is to be commended, rather than condemned, for making an honest effort to prevent foreclosure proceedings. Owen might have filed an action for foreclosure of the original note, and the costs of suit would have been charged against defendant's property. Instead of doing this, Owen used his good offices and caused plaintiff to take a new note and mortgage, and to sustain a plea of usury in case of this character, under all the evidence disclosed by the record, would no doubt result in holders of notes secured by mortgages in real estate insisting on foreclosure proceedings being instituted whenever there was a default. This is not the policy of the law, and when it is done, frequently works a hardship upon those whose property is pledged.

There was a conflict in the evidence touching the negotiations and conversations between Geeslin and Owen, but it is unnecessary to set the same out in this opinion. The jury resolved this conflict in favor of the plaintiff, and where there is any conflict in the testimony of the jury case, and the cause is submitted to a jury upon a correct statement of the law applicable to the issues and the evidence, this court will not weight the evidence for the purpose of determining where the preponderance rests, but if there is any competent evidence reasonably tending to sustain the verdict, the same will not be reversed upon appeal. Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964; Thompson v. Hashbarger, 87 Okla. 267, 210 Pac. 922; Patrick v. Siliskis, 105 Okla. 51, 222 Pac. 543; Kansas City Southern Ry. Co. v. Pearson, 93 Okla. 260, 220 Pac. 632; Beggs Oil Co. v. Deardorf, 97 Okla. 33, 222 Pac. 535.

Defendants offered to prove that Owen, while county attorney of Alfalfa county, had secured loans for certain parties and had charged the borrower a commission for obtaining such loans. Under the evidence in this case and the recitals in the note and mortgage placed in Owen's hands for collection, we are of the opinion the offered evidence was properly excluded.

Defendants next assign as error the refusal of the court to give defendants' requested instructions numbered 1, 4, and 6. Requested instruction No. 1 is to the effect that attorneys' fees may never be demanded or collected on such contract (note and mortgage) unless an attorney duly licensed to practice law has been duly employed as attorney and services as such have been actually rendered.

Defendants cite from the body of the opinion in McClain et al. v. Continental Supply Co., 66 Okla. 229, 168 Pac. 818, but the quoted excerpt is not in point and is not persuasive upon this court in the instant case. The syllabus of the case states the law, and in McClain v. Continental Supply Co., supra. the law is stated as follows:

"Where a note by its terms provides for $10 and 10% of the principal and interest to be added as collection fee. in case payment of said note is not made at maturity, and suit is brought on said note, held that it is not error to include in the judgment the attorney's fee stipulated for in said note."

The original Hask note did not provide that suit must actually be brought by the attorney, and there is no doubt Owens was a duly licensed and practicing attorney and the note was placed in his hands for collection. The instruction was properly refused.

Requested instruction No. 4:

"You are instructed that if the plaintiff by himself or his agent in the transaction of the renewal of the $2,000 mortgage then existing against the property under foreclosure in this action and for which the defendants; Cora B. Geeslin and E. C. Geeslin, were obligated to pay, contracted for, reserved or received the sum of $200 secured by a mortgage on the same property, or any other sum in excess of the principal sum and 10% interest per annum, upon the pretense that such excess was a commission, bonus, collection or attorney's fee, then the $2000 note and the $200 note would be deemed and held as one usurious contract and transaction, and your verdict should be for the said defendants on the question of usury."

There was no evidence upon which such an instruction could be predicated, and where there is no competent evidence tending to prove a matter in issue, it is not error in the court to refuse an instruction upon such issue. Smith v. Travel, 20 Okla. 512, 94 Pac. 529; Oklahoma Railway Co. v. Christenson, 47 Okla. 132, 148 Pac. 94; Lockwood Bros. v. Frisco Lumber Co., 22 Okla. 31, 97 Pac. 562; White v. Oliver, 32 Okla. 479, 122 Pac. 156; Muskogee Elec. Traction Co. v. Staggs,

34 Okla 161, 125 Pac. 481; Firebaugh v. Du Bois, 70 Okla. 269, 173 Pac. 1126.

Defendant's requested instruction No. 6 would have instructed the jury that the provision in a promissory note for the payment of an attorney's fee is but a provision to reimburse the payee of the note for such sums of money as he had necessarily expended in the attempt to collect the sum due on the note, or had obligated himself to pay his attorney. This is not the law, and the court committed no error in refusing such requested instruction.

The note for which the renewal note and the attorney's fee note were given simply provided for the 10% attorney's fee provided that default was made in any payment and the note was placed in the hands of an attorney for collection. All the facts necessary to entitle the attorney to the fees provided for in the original note were in evidence and the note was "collected" to the satisfaction of the attorney's client, and the forbearance of the attorney to file an action for foreclosure did not deprive him of his right to the fee provided in the note. If Owens had filed action on the original note, and the jury had failed to allow the attorney's fee, it would have been the duty of the trial court to have included it in the judgment, and had the trial court failed to so include it. the Supreme Court would have been justified in doing so, since the amount is fixed and determined by the amount found due on the note. Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209. And the forbearance of the attorney to sue and fix additional court costs and cost of sale upon the defendants cannot be taken advantage of by the defendants so as to reduce their obligation on the note.

While defendants excepted to instructions numbered 7 and 8 as given by the court, these instructions are not set out in the brief, and nowhere do defendants attempt to point out to this court wherein the instructions are erroneous; nevertheless we have carefully considered the instructions excepted to. and they specifically present to the jury the question of whether or not Owens received the $200 note as an attorney fee for collecting the Hask note, or as a bonus as the agent of plaintiff for negotiating the loan.

We find no error in the instructions as given, and no error appearing in the record, the judgment of the trial court should be and is hereby, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 859, §2836; p 862, §2838; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 80; 6 R. C. L. Supp. p. 73. (2) 8 C J. p. 1099, §1433; anno. L. R. A. 1915B, 930; 3 R. C. L. pp. 894, et seq.; 1 R. C. L. Supp. p. 911.