Roy REMMERT, d/b/a Roy Remmert Adjustment Company, Plaintiff in Error,

v.

D. H. COOPER, d/b/a Acme Rug and Carpet Cleaners, and Evert Munson and Thelma Munson, husband and wife, Defendants in Error.

No. 40523.

Supreme Court of Oklahoma.

May 27, 1964.

As Amended July 7, 1964.

Rehearing Denied July 9, 1964.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for plaintiff in error.

Russell L. Morgan, Oklahoma City, for defendant in error, D. H. Cooper, d/b/a Acme Rug and Carpet Cleaners.

JOHNSON, Justice:

D. H. Cooper, d/b/a Acme Rug & Carpet Cleaners, hereafter referred to as plaintiff, commenced this action in the Court of Common Pleas of Oklahoma County, Oklahoma, against Roy Remmert, d/b/a Roy Remmert Adjustment Company, hereafter referred to as defendant, and Evert Munson and Thelma Munson, his wife, hereafter referred to as defendants Munson, and the American Motorists Insurance Company, a corporation, defendant, hereafter referred to as the insurance company, to recover for services rendered in the servicing and renovating of carpets.

The petition alleged that the Munsons were the owners and operators of the Swank Motel, and that in April, 1960, a windstorm unroofed the motel, and its wall-to-wall carpeting became water soaked; that the defendant insurance company had the windstorm insurance on such property; that immediately after such storm one Scott Crow, as the agent and employee of the defendant Roy Remmert Adjustment Company, which company had been employed by the defendant insurance company to adjust the loss, contacted plaintiff and ordered the removal and renovation of the carpeting. This order was complied with at once. This service was never paid for and is the subject matter of this action.

Upon trial of the cause, the trial court sustained the demurrer of the defendants Munson to the plaintiff's evidence, and no appeal was taken from this action of the court. This judgment has become final. The demurrers to the plaintiff's evidence interposed by the defendant Remmert and the defendant insurance company were overruled. Upon submission of the cause to the jury, a verdict was rendered against the defendant Roy Remmert Adjustment Company and in favor of the American Motorists Insurance Company, the evidence showing that it had paid the loss in full to the Munsons, the owners, including the bill of plaintiff, and the insurance company is not before us in this appeal.

The verified answer of defendant Roy Remmert Adjustment Company denies the agency of Crow.

At the trial it was stipulated and agreed that the Munsons were the owners of the motel property, and that the insurance company was the carrier of the storm damage policy on it; that the work of plaintiff was done, and the amount charged for it was reasonable.

The defendant urges three propositions for reversal: 1. That the trial court erred in overruling its demurrer to the plaintiff's evidence; 2. The trial court erred in re-

fusing to admit evidence offered by the defendant; and, 3. The trial court erred in instructing the jury that plaintiff was an "innocent" person.

In the consideration of the first contention, supra, the record discloses that the defendant did not stand upon its demurrer, but after its demurrer was overruled put on the evidence for the defense. At the close of all the evidence, the defendant moved for a directed verdict. It then became incumbent upon the court to search the record to determine whether the plaintiff had made a case. The basis of this proposition of the defendant as outlined in the briefs is that the only evidence of plaintiff to establish the agency was based upon the declarations of the agent. In the discussion at this point, we are not concerned with the authority of the agent but only with the existence of the agency. In addition to the declarations complained of, the record shows the following is the testimony of the defendant Roy Remmert:

"Q. You were paid by the American Motorists Company for your work?

"A. That's right.

"Q. So was Mr. Crow?

"A. He was paid by me."

This evidence, when considered in connection with the other evidence, conclusively shows that Crow was an employee of the defendant.

■ Coming now to his authority, he is admittedly an adjuster. As such, his authority to act was the same as that of his principal, the defendant Roy Remmert. It is not necessary to discuss the apparent authority of Crow. He represented himself as having authority to order the carpet renovated for the insurance company. When he did so, his act was that of the defendant. If he had no authority to bind the insurance company, he and his principal were personally liable for the contract made.

In the case of American Surety Co. v. Morton, 32 Okl. 687, 122 P. 1103, the first paragraph of the syllabus reads:

"If a man contracts as agent, but without authority, for a principal whom he names, he cannot bind his alleged principal by the contract; but the party whom he induces to contract with him may sue the alleged agent upon a warranty of authority if said agent honestly believed that he had authority which he did not possess, or he may sue the alleged agent in an action of fraud and deceit if the professed agent knew he had not the authority which he assumed to possess and exercise, but he cannot sue the agent on the contract, unless the contract contains apt words to bind him personally."

Again, in the case of Duncan Electric & Ice Co. v. Dickey, 72 Okl. 257, 180 P. 703, the syllabus reads:

"One who uses another's name must know whether he has authority, and, if he uses it without authority in contracting an indebtedness, he must be held personally liable for the indebtedness, no matter what his intentions may be in the matter."

See also 3 C.J.S. Agency § 208.

■ Another basis of liability which should have been submitted by the trial court but apparently was ignored was that Crow's successor, an admitted employee of defendant, secured possession of the carpets from plaintiff upon an alleged promise to pay, thereby depriving plaintiff of its possessory lien for work done. This, if found to be true, constituted a binding contract based upon an adequate consideration (relinquishment of the lien) and not within the statute of frauds. See Thomas v. Williams, 173 Okl. 601, 49 P.2d 557; Farmers & Merchants Nat. Bank v. Lee, 192 Okl. 9, 132 P.2d 931, and Rosendahl v. Shipman, 98 Okl. 25, 224 P. 165.

We therefore hold that the first contention of the defendant is without merit.

Coming now to the second proposition, supra, we find that the specific evidence concerning which complaint is made is set forth in the brief of the defendant as follows:

"In defense of the action, defendant Remmert offered the testimony of Ernest M. Radford to the effect that he (Radford) had advised the plaintiff and his employees at all times that the bill would have to be paid by defendant Munson since it was his carpet and defendant Remmert had no authorrity to pay the account. * * *"

Reference to pages 93–94–95 of the case-made is set forth to sustain this statement. We have carefully read all of the cited pages and find nothing to sustain the assertion that plaintiff or his employees were so notified. But even if so, Radford, the witness, did not take over the Swank Motel settlement until about June 12, 1960, some weeks after the alleged agreement made by Crow. Hence this evidence could have no effect upon a suit based upon the actions of Radford's predecessor. This objection is therefore without merit.

The third and last contention of defendant deals with the designation of the plaintiff as an "innocent person" in the court's instructions. The specific language condemned is:

"In this connection you are further instructed that one who leads an innocent party to rely on the appearance of another's authority to act for him, will not be heard to deny agency to the innocent party's prejudice."

No objection is made to the statement of law contained in this instruction, but complaint is limited to the designation "innocent party." This characterization has been used by this court in defining the existence of an agency relation. In the case of Schwartz v. McDaniel, 202 Okl. 324, 213 P.2d 568, the second paragraph of the syllabus by the court reads:

"Agency may be implied from conduct of a party and the circumstances in a particular case, and one who leads an innocent party to rely on the appearance of another's authority to act for him will not be heard to deny the agency to that party's prejudice."

See also Pharaoh & Co. v. Sies, et al., 175 Okl. 614, 55 P.2d 1009.

We find no error in the inclusion of this term in the instruction given.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.