## MUNICIPAL EXCAVATOR CO. v. WALTERS.

No. 14289—Opinion Filed Nov. 20, 1923.

Rehearing Denied Jan. 15, 1924.

**1. Appeal and Error — Questions of Fact — Verdict.**

Where the evidence is conflicting, but there is sufficient evidence upon which the jury could reasonably predicate the verdict, and the instructions given by the court are free from error, the Supreme Court will not reverse the judgment on appeal.

**2. Trial — Demurrer to Evidence — Request for Directed Verdict.**

The proposition that arises upon a demurrer to the evidence or a request for an instructed verdict, is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough evidence to reasonably sustain a verdict should the jury find in accordance therewith. If the inference to be drawn from the evidence is a reasonable one, although not a necessary one, the court will not invade the province of the jury by taking from it the right to pass on the facts to be deduced from such inference.

**3. Appeal and Error—Harmless Error—Rulings on Evidence.**

Section 2822, volume 1, Comp. Stat. 1921, provides: "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Held, that no substantial right of defendant was violated, in the instant case, by the admission or rejection of testimony by the trial court.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by G. W. Walters against the Municipal Excavator Company, a corporation. Judgment for plaintiff. Defendant appeals. Affirmed.

Twyford & Smith and J .P. Speer, for plaintiff in error.

H. B. Lockett, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Stephens county, Okla., by G. W. Walters, defendant in error, plaintiff below. against Municipal Excavator Company, a corporation, plaintiff in error, defendant below, for the recovery of $524, with interest at six per cent., on account of contract upon a written bid for filling in ditches where sewerage and water lines had been laid by plaintiff in error.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

Plaintiff alleges in his petition that the indebtedness arose by reason of a contract entered into by and between the plaintiff and defendant, upon a written bid for filling ditches, where sewerage and water lines had been laid by defendant in the town of Comanche, Okla., and under an oral contract made by defendant to pay the plaintiff the amount of said bid, three and one-half cents per lineal foot; that plaintiff, in pursuance of said contract, filled said ditches and that said defendant has paid the plaintiff $1,475.34, and that the said balance still due and owing, constituting this cause of action, is $524, with interest, and asked for a reasonable attorney's fee in the sum of $100.

To which petition the defendant answered by way of general denial and pleaded full payment.

Upon these issues the cause was tried to a jury, which trial resulted in a verdict in favor of the plaintiff in the sum of $524.

A motion for new trial was filed, overruled, and exceptions saved, and a judgment rendered in the sum of $524 in favor of the plaintiff, from which judgment the defendant appeals to this court.

Attorneys for defendant set up six assignments of error in their brief and argue the same under three separate heads, which are as follows:

"Proposition One: The verdict of the jury is not sustained by the evidence, and is contrary to law.

"Plaintiff failed to prove a contract to backfill water trenches at 3½ cents per foot.

"Plaintiff below also failed to prove how many feet of trench he backfilled.

"Proposition Two: The trial court erred in excluding competent evidence offered by defendant.

"The court erred in excluding the offer of the defendant to prove the reasonable and customary price for backfilling water ditches of this diameter.

"The court erred in the admission of incompetent evidence with reference to the reasonable attorney's fee in this case.

"Proposition Three: The verdict is contrary to law."

The evidence in this case is that the defendant had the contract to put in a water and sewer system in the town of Comanche, Okla., and it advertised for bids for certain portions of the work, among others the backfilling of all ditches, and the plaintiff, G. W. Walters, and W. G. White, as partners, made a bid in writing to backfill the ditches for three and a half cents per lineal foot and this bid was accepted by the defendant, and the defendant submitted what purported to be a written contract for the plaintiff and White to sign, which the plaintiff and White refused to sign. The contract submitted contains, among other things, a provision that the plaintiff and White were to backfill all "sewer" ditches, but did not mention "water" ditches. On examination of the contract that was offered in evidence but excluded by the trial court, it appears that the name of the defendant is attached by A. R. Derr, without showing that he was an officer of the company, and is without the name of the secretary, nor is the seal of the corporation attached thereto, and it appears from the testimony of C. T. Derr that he was president of the company at the time.

The plaintiff proceeded to perform the work, under an oral agreement, as he contends, upon the bid tendered, which was accepted, and that his partner, W. G. White, quit and he proceeded to carry out the contract with defendant; that he backfilled all the ditches, both sewer and water, but that after he had backfilled two or three blocks of the water ditches he learned that the defendant was contending that he should only receive a cent and a half per lineal foot for backfilling the water ditches, and that he spoke to the defendant's manager, W. C. Burke, who had charge of the work and who had the right to employ and discharge the workers and to fix the wages, as testified to by C. T. Derr, president of the company, but who also testified that he had no right to set the price for backfilling the ditches, and that the said W. C. Burke informed him that they intended to pay him only a cent and a half per lineal foot. The defendant then refused to proceed to backfill the ditches until W. C. Burke told him, in the presence of three other witnesses, who testified to the same state of facts, that Burke told him to go on and he would see that he was paid at the rate of three and a half cents

per lineal foot for the work, and upon this agreement and understanding he proceeded to finish the backfilling of the water ditches; that he made an estimate of the work and had a memorandum of the work performed by him in this connection and that he relied on the statement given him by the defendant that he had filed 17,243 feet of water ditches for which he had been paid only a portion of the amount due him at the rate of a cent and a half per lineal foot and this settlement was introduced in evidence in the record by the defendant, upon which he had been paid the total sum of $215.66; that at the time plaintiff went to the manager, Burke, for a settlement that Burke offered to pay him $186 as a balance due him, which he refused to accept, and Burke threatened that if he did not accept this amount he would have charged up against him certain parts of the water ditches not sufficiently resurfaced by him. If, on the admission of the defendant, the defendant owed plaintiff $183.12 or $186, as testified by some of the witnesses, and had not paid all the one and a half cents per lineal foot for the 17,243 feet of backfill on the water ditches in the amount, as shown by defendant's statement, of $42.98 and plaintiff's contention that they owed him two cents more per lineal foot, the defendant would owe plaintiff, in addition to the $183.12, $344.86, or a total of $527.98.

This is practically all the material testimony in the case necessary to a decision, other than the disputed facts as to whether the plaintiff ever saw the written contract or not and whether C. T. Derr, president of the company, was to approve the promise of the manager, Burke, to pay the three and a half cents per lineal foot for backfilling the water ditches.

These facts were before the jury on the admitted evidence in the case, and, in our opinion, were sufficient to authorize the court to submit the case to the jury under the universal rule that where there are disputed facts and where there are sufficient facts, upon which reasonable men may differ, that these facts must be submitted to a jury for decision. The proposition, that arises upon a demurrer to the evidence of a request for an instructed verdict, is whether, admitting the truth of all the evidence, which has been given in favor of the party, against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough evidence to reasonably sustain a verdict should the jury find in accordance therewith. If the inference to be drawn from the evidence

is a reasonable one, although not a necessary one, the court will not invade the province of the jury by taking from it the right to pass on the facts to be deduced from such inference. The court may direct a verdict or sustain a demurrer to the evidence, as the one or the other may be proper, only where the evidence is undisputed or is of such conclusive character that the court in the exercise of a sound judicial discretion would be compelled to set aside a verdict in opposition to it. These rules are so well established by the decisions of this court that it is unnecessary to call attention to the numerous decisions upholding these principles and we think the court was correct in overruling the demurrer to the evidence, and it is our opinion that the verdict of the jury is sustained by the evidence admitted and is not contrary to the law.

Upon the second subdivision of proposition one, we are of the opinion that the contention of counsel for defendant is not sustained by the record in this case, as the record shows that the bid made by the plaintiff for backfilling the ditches was at the rate of three and a half cents per lineal foot and there was no distinction in the bid as to "water" or "sewer" ditches, and that this bid was accepted by the defendant and that the plaintiff was permitted to continue this work, under the direction of the defendant's manager, and that he backfilled both the sewer and water ditches, and that when the question came up as to his compensation for backfilling the water ditches the evidence of plaintiff and three other witnesses is that W. C. Burke, the manager in charge of the work, who, it is admitted, had the right to employ and discharge and pay wages of the workmen, told the plaintiff to go on with the work and he would see that he got his pay at the rate of three and a half cents per lineal foot, and, although this fact is disputed by the manager, W. C. Burke, and, although C. T. Derr, president of the company, testified that the manager, Burke, had no authority to fix the price for backfilling the water ditches, yet the fact remains that the written bid of the plaintiff, which was accepted by the president of the company, C. T. Derr, fixed the price for backfilling all ditches at the rate of three and a half cents per lineal foot and we think this evidence was sufficient upon which the jury could determine that the contract was sufficiently proven by plaintiff.

Under the first proposition it is further contended by attorneys for defendant that the plaintiff failed to prove how many feet of trench he backfilled. The evidence shows that the plaintiff had a memorandum and that he had made an estimate of the number of feet he had backfilled and that if there were any thing lacking in the plaintiff's testimony, upon this proposition, it was supplied by the introduction of the statement by defendant, which showed that he had backfilled 17,243 feet of water trenches and 38,767 feet of sewer trenches and that there was a balance due him of $183.12, against which the defendant claimed the sum of $154.70 for repairs, and, under this state of facts, we cannot agree with counsel that plaintiff failed to prove how many feet of trench he backfilled.

Under proposition two, attorneys for plaintiff complain that the court erred in refusing to permit the introduction of the written contract heretofore referred to. We do not think this contract was admissible under any state of the case for the good and sufficient reason that the contract contained matters that were not included in the original bid made by plaintiff; that it was not signed by the plaintiff, but was repudiated by him and returned to the defendant, and the contract then must be considered as having been based upon the original bid of the plaintiff and the acceptance and approval of defendant of said bid and by permitting the plaintiff to proceed to perform the work and the acceptance of said work and labor performed by the plaintiff under said bid. This contract was not admissible for the reason that it was not executed by the proper officers of the defendant corporation, as it nowhere appears in the testimony or in the contract, itself, that H. R. Derr was the proper officer of the company to sign the contract, or had any authority from the company to sign said contract, and contracts with corporations must be signed by the president and secretary of the corporation, or by some one authorized by proper resolution of the company to execute contracts. The authorities, cited by counsel, might be applicable if both parties accepted this contract and acted upon it, but, in the instant case, the plaintiff and his partner repudiated this contract, refused to accept or sign it and returned it to the defendant.

The attorneys for defendant further complain that the court erred in refusing to permit defendant to prove the reasonable and customary price for backfilling water ditches. We cannot agree with counsel upon this proposition for the reason that the issue in this case is clear cut. The plaintiff seeks to recover upon a contract based upon the bid tendered and the acceptance of the bid by the defendant and his right to recover is not dependent upon common custom but he

must stand or fall upon whether there was a contract, whereby the defendant was to pay him three and a half cents per lineal foot for backfilling the trenches and we think the court was correct in refusing to permit the testimony as to the customary price for such work.

Attorneys for defendant further complain that the court erred in the admission of incompetent evidence in reference to a reasonable attorney's fee in this case. In our views of this case the plaintiff was not entitled to recover any attorney's fee and the record shows that defendant's witness, J. P. Speer, was asked what would be a reasonable attorney's fee and the following occurred, to wit: .

"Q. I want to ask you, Mr. Speer, if a fee of $100.00 would be a reasonable fee?

"Mr. Twyford: We object to that as irrelevant, incompetent and immaterial and he is not entitled to an attorney fee in this case and is not proper cross-examination.

"Court: Objections sustained. Not proper cross-examination.

"Lockett: We will make him our witness for this purpose.

"A. Yes, sir. I think it would. That's all."

We think that this testimony should not have been allowed in this case, but, in view of the fact that the court sustained the objection generally and then after the objection was sustained attorney for plaintiff undertook to make him his own witness and did not ask any further questions and attorneys for defendant made no further objection, but the witness voluntarily made the answer and no motion was made to strike the answer by attorneys for defendant, and for the further reason that the court, in his instructions to the jury, in which no objections or exceptions were taken, instructed the jury that the plaintiff could recover only for the amount due him for backfilling the ditches at the rate of three and a half cents per lineal foot and nowhere authorizes the jury to make a finding as to atttorney's fee and for the further reason that, in no way, can we figure the amount assessed by the jury in this case could the fact of $100 attorney's fee have been taken into consideration by the jury in assessing the amount of its finding, for the reason, as stated before in this opinion, the plaintiff, under the testimony, could have been awarded $527.98, exclusive of interest, for work and labor and the jury only awarded the sum of $524. We are of the opinion that, while it was not proper that any evidence should have been allowed upon the question of attorney's

fees, the fact that the testimony was admitted, under the circumstances and ignored by the court in his instructions and for the further reasons, assigned above, that the error was not so prejudicial to the defendant as to justify this court in setting aside the verdict upon this ground.

The third proposition, assigned by attorneys for defendant, is covered by the opinion upon the other assignments of error. We are of the opinion that there was sufficient evidence upon which the jury could return the verdict rendered by it and the jury having the witnesses before it, it was clearly within their province to decide the disputed facts in this case and having decided in favor of the plaintiff, this court will not disturb the verdict, founded upon the facts in this case, and it is our opinion that the judgment should be and is hereby affirmed.

The plaintiff having asked that judgment be pronounced in this court against the bondsmen of the defendant on the supersedeas bond, given and filed in this cause, it is the judgment of the court that the judgment be and is hereby pronounced in favor of the plaintiff, G. W. Walters, for the sum of $524, with interest at six per cent. from February 5, 1922, and for all legal costs until paid, against the Municipal Excavator Company, as principal on the supersedeas bond, and against L. L. Derr, Charles T. Derr, and J. L. Edge, as sureties upon said bond.

By the Court: It is so ordered.