### MIDLAND VALLEY R. CO. v. MAVERICK.

No. 14652—Opinion Filed Dec. 26, 1923.

Rehearing Denied March 4, 1925.

**1. Appeal and Error—Question of Fact — Verdict.**

Where a cause is submitted to a jury, the jury is the trier of the facts, and if there is any competent evidence to support the verdict, the same will not be disturbed on appeal.

**2. Judgment Sustained.**

Record examined, and held, that there was competent evidence offered on the part of the plaintiff supporting the verdict and judgment for her, and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Lillian Maverick against the Midland Valley Railroad Company for damages for personal injury. Judgment for plaintiff, and defendant brings error. Affirmed.

O. E. Swan, Reeves & Russell, and Blakeney & Ambrister, for plaintiff in error.

Robinett & Ford and Leslie W. Lisle, for defendant in error.

Opinion by SHACKELFORD, C. The parties will be referred to as plaintiff and defendant as they appeared in the court below.

The plaintiff, Lillian Maverick, brought this action against the defendant, Midland Valley Railroad Company, to recover damages for personal injury alleged to have been sustained by plaintiff on the 20th of December, 1920, by reason of a collision between a freight train being operated upon the tracks of the defendant in the city of Tulsa, and an automobile in which plaintiff was traveling, said automobile being driven by A. Maverick, Jr., husband of plaintiff. The petition charges negligence on the part of the defendant on account of the failure of those in charge of the train to ring the bell, blow the whistle or give notice of the approach of the said train, and further that said train was being run at a speed of more than 20 miles per hour, in violation of city ordinance No. 1842 of the city of Tulsa providing a speed limit of 12 miles per hour within the district where the accident occurred. The petition further charges that defendant was negligent in that it failed to keep a watchman at the crossing where the accident occurred, or to provide electric bells, gates, or other safety appliances at said crossing. Plaintiff prayed damages in the sum of $3,000.

The defendant answered by general denial and a plea of contributory negligence. The reply of plaintiff was in the nature of a general denial.

The cause was tried to a jury on the 20th of November, 1922, resulting in a mistrial.

Thereafter, on the 5th day of March, 1923, the cause was again tried to a jury, resulting in a verdict and judgment in fav-

or of plaintiff in the sum of $3,000. Motion for a new trial was filed and overruled, and defendant brings error to this court.

Defendant assigns as error, (1) misconduct of plaintiff's attorney; (2) irregularities in the proceedings of the court preventing defendant from preserving a record; (3) error in the admission of testimony; (4) erroneous instructions; and (5) error in overruling motion for a new trial.

The first and second assignments of error deal with the misconduct of plaintiff's counsel and irregularities in the proceedings in that the court failed upon request to require the court stenographer to report the objectionable statements of counsel for plaintiff.

It appears that during the course of the argument of E. K. Robinett, attorney for plaintiff, made in this cause, said Robinett made certain statements to which counsel for defendant objected, and the defendant thereupon requested that the reporter take the remarks of counsel for plaintiff so defendant might have a record thereof and exception thereto, and requested the court to instruct the jury to not consider the remarks of counsel for plaintiff, and to admonish said Robinett to not engage in that character of argument. The objection of the defendant was sustained and the jury instructed to not consider the statements objected to, and counsel for plaintiff was admonished to confine his remarks to the evidence and record. It appears, however, that the reporter had left the building, and for that reason the court did not require him to take the argument of plaintiff's attorney. Defendant contends that the action of the court in refusing to require the reporter to make a record of the argument of plaintiff's counsel, when requested to do so by defendant, constituted prejudicial error such as will necessarily work a reversal of the judgment of the trial court.

The record discloses that in lieu of having the reporter make a record of the objectionable parts of counsel's argument, the court himself made a memorandum of the statements objected to by defendant, and the matter is presented here for review and has been examined with care. We feel that the character of conduct indulged in as presented here cannot be too strongly condemned, and if plaintiff's counsel were the only one to be considered we would not hesitate to reverse the judgment and direct a new trial for defendant. It appears that plaintiff's attorney repeatedly went outside the record made in the trial, in his argument, and made statements in the presence of the jury which were in no wise justified by the testimony, and perhaps would have led the trial judge to refuse to permit counsel to proceed. Aside from requiring plaintiff's attorney to desist from further arguing the case it appears that the court endeavored to cure the bad effects that might otherwise have been produced by rebuking counsel for his conduct and by advising the jury that they were not to consider his statements not justified by the record, and were not to be influenced by them. In a proper case we think such conduct would warrant prompt reversal. It appears that the memorandum kept by the trial judge was substantial compliance with section 3065, Comp. Stat. 1921, which requires statements to be taken down and reported when requested by the party aggrieved.

The testimony offered on the part of the plaintiff tended to show that at about 10:30 o'clock at night on the 20th of December, 1920, she and her husband were driving in her husband's automobile on East Second street in the city of Tulsa, and driving at about eight or ten miles per hour, on their way home; and in crossing defendant's tracks the automobile was struck by a moving engine and she was greatly hurt and bruised and suffered therefrom great pain, and has sustained permanent injury, and has been put to considerable expense. That before going upon the track both she and her husband looked and listened for an approaching train, but because of an obstruction near the tracks they did not see the train, and no signals were given by ringing the bell or blowing the whistle or otherwise, to give warning of its near approach, so that they did not see it; that the train shot out from behind an obstruction at a great rate of speed and without warning and struck the automobile and carried it upon the track about 150 feet. That at the place of injury the speed of railway trains was limited by city ordinance to 12 miles per hour, and that the crossing was one of the public crossings in the said city.

The evidence on the part of the defendant tended to show that the engine which struck the automobile in which plaintiff was riding was pulling seven cars and had made a stop four blocks from the place of the accident; that the engine was running at about ten miles per hour when the automobile was first seen by the engineer, and that the engineer used the brakes, sanded the track, and stopped in about 75 or 80 feet;

that the car was first seen within about 20 feet from the track and was running about 25 miles per hour; that the front of the engine was about the center of the street when the engineer first noticed the car, and struck the automobile at the south curb.

The evidence is in hopeless conflict. Based upon plaintiff's evidence the defendant was negligent amounting to proximate cause of the injury; while the plaintiff and her husband were exercising due care for their own safety. With conflicts in the evidence this court has nothing to do. The jury are the triers of the facts. There is ample in plaintiff's evidence to support the conclusion reached by the jury that the defendant's employes were negligent. This is true even treating the matters attempted to be proven by defendant as a defense. We think an analysis of defendant's own testimony would show negligence. From the defendant's testimony it is apparent that the accident might have been prevented by the exercise of means within the power of defendant's employes after they had seen the perilous position of the plaintiff. But the verdict is supported by the plaintiff's evidence, and that becomes binding upon this court.

We have carefully examined the record and have concluded that no substantial right of the defendant has been invaded by admitting incompetent or immaterial evidence. The instructions given by the court correctly submitted the issues to the jury. The serious thing presented here is the conduct of plaintiff's attorney in arguing the case to the jury. and were it not for the conclusion we have reached from a study of the case, that in all probability the verdict would have been the same if he had not so greatly transgressed, we would feel constrained to reverse the judgment because of such conduct.

We think the verdict is justified both from the plaintiff's and defendant's evidence. That being true. we have concluded that there was no error here that would justify us in setting aside the verdict and judgment.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.