### SHIPMAN v. CONRAD.

No. 14596—Opinion Filed Jan. 29, 1924.

Rehearing Denied Feb. 19, 1924.

**1. Appeal and Error—Questions of Fact—Verdict.**

Where there is a conflict in the evidence and the issues determined by a jury under proper instructions, and approved by the trial court, this court will not disturb the verdict on the weight of the evidence. Mackey et al. v. Nickoll, 60 Okla. 12, 158 Pac. 593.

**2. Infants—Ratification of Contracts.**

Where a minor accepts the benefits of a voidable contract entered into by her husband for her use and benefit with full knowledge of all the facts, and continues to accept and utilize the benefits derived from such transaction, after attaining her majority, she thereby, in the absence of any express declaration to the contrary, ratifies, or adopts, such contract.

**3 Contracts—Implied Ratification.**

Ratification or adoption of a contract may be implied from the acts and conduct of a person receiving the benefits thereof.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action by F. B. Conrad against Nora Shipman and Thad Shipman. Judgment for plaintiff, and defendant Nora Shipman appeal. Affirmed.

Wilkins & Wilkins, for plaintiff in error.

Keller & Cameron, for defendant in error.

Opinion by JONES, C. This suit was instituted by F. B. Conrad against Thad Shipman and wife, Nora Shipman, in the district court of Love county, Okla., to recover the sum of $1,701.35, the price of a lumber bill sold and delivered to Thad Shipman by Carey, Lombard, Young & Company of Marietta, Okla., for the purpose of building a home on the lands of his wife, Nora Shipman, who was an Indian citizen, and only 16 years of age at the time the sale was made.

The material facts as disclosed by the record are that Shipman desired to build upon the allotment of his wife, Nora Shipman, for the purpose of making it their home, and went to the lumber company above named to purchase a bill of lumber. Mr. Pierce, manager of the company, made an estimate of the bill, but refused to sell same to Shipman without security, who thereafter induced Conrad to go with him to Pierce, manager for the company, and after some negotiation the company agreed to deliver the lumber, having been assured by Conrad, the appellee herein, that he would see that the bill was paid on delivery of the lumber or within 30 days, being practically a cash transaction. The bill of lumber was charged to Thad Shipman and his wife, Nora Shipman, and when said bill became due, the Shipmans were unable to meet same, whereupon Conrad paid the bill, which was duly assigned to him by the lumber company, and thereafter this suit was instituted, based on the assignment.

Thad Shipman makes no defense to the cause of action and default judgment was rendered against him. Nora Shipman answered, and alleges that she was not a party to the original contract, that she authorized no one to act for her, and that she was a minor at the time, and therefore not bound.

The cause was tried to a jury and verdict rendered for the plaintiff in the sum of $1,701.35, the amount of the bill of lumber, together with interest. The appellant assigns numerous errors, but chiefly relies on the fact that she was a minor at the time this contract was entered into for her benefit, and that she has never ratified same, and contends that she was not primarily liable, and therefore had nothing to ratify, and in support of this contention cites the case of Capps et al. v. Henseley, 23 Okla. 311, 100 Pac. 515, but we think the authority is not decisive of the question with which we are here confronted. This authority calls attention to the distinction or difference in the terms "adoption, affirmation, and ratification," and in the instant case the court, when instructing the jury, used the term ratification, when possibly the term adoption should have been used, or he might have very properly used both, and might have told the jury without impropriety that should they find that she had either ratified or adopted the contract, after arriving at the age of 18 years, she would be bound; in fact, the court did tell the jury that should they find the acts and conduct of the defendant after becoming of age "to amount to a ratification by adoption," she would be estopped from pleading minority. Some confusion, no doubt, has arisen in cases of this character on failing to distinguish between cases where minority still existed and cases where that disability had been removed at the time of the institution of the suit to enforce the contract, which is the condition in this case.

The question of ratification or adoption is one of fact, and when submitted to a jury on proper instruction, their verdict, if based on reasonable evidence tending to support the same, should not be disturbed on appeal.

The appellant also contends that the paying of the bill by Conrad, the appellee, was voluntary, that he was not legally liable, and for that reason there is no liability on her part, and cites the case of Mackey et al. v. Nickoll, 60 Okla. 12, 158 Pac. 595. This question was not in issue, so far as the pleadings are concerned, but instruction No. 3 given by the court submits the question to the consideration of the jury in a general way and sufficient to overcome the error complained of wherein the court refused a requested instruction on the part of defendant on this point, and as announced in case of Mackey v. Nickoll, supra:

"Where there is a conflict in the evidence, and the issues determined by a jury under proper instructions, and approved by the trial court, this court will not disturb the verdict on the weight of the evidence."

And the court further said in that case:

"A transaction in parol, whereby M. requests of N. to extend credit to Q. and N. refuses but agrees to extend credit to M., and merchandise is delivered to Q. upon said request and agreement of M., same is an original undertaking as to M. and not within the second subdivision of the statute of frauds."

The facts are that the appellant knew of the transaction, knew that the lumber was being hauled by her husband and placed on her land preparatory to building a home, and evidently knew that her husband had no means with which to pay for same, and that he did not pay for same, and immediately after the building was completed, moved into it and occupied same as a home until a short time prior to the trial of this case, when they moved to Marietta and rented a home. The appellant on the trial expressed a desire and willingness to pay the bill whenever she becomes able to do so and has at no time since becoming of age or prior thereto repudiated the transaction either by act, word, or deed; she accepted the benefits derived from the contract in full. Appellee cites the case of Perkins et al. v. Middleton et al., 66 Okla. 1, 166 Pac. 1104, wherein the court said:

"This transaction being only voidable, could be ratified by the plaintiff, Eva Middleton, upon her reaching her majority, and it was not necessary, in order to constitute a ratification, that she should approve the transaction or adopt it as though she had entered into it in the first place herself."

"A ward may on reaching majority elect either to ratify and enforce the unauthorized acts of his guardian or to disaffirm them. He must, however, ratify them in toto or relinquish all rights under them. He cannot elect to satisfy the contract in part and repudiate it in part." (21 Cyc. 106.)

We think the acts and conduct of appellant were sufficient to justify the verdict of the jury and to establish an adoption of the contract, or, as expressed by the trial court, "a ratification by adoption." Appellant complains of the instruction of the court, but from an examination of the instructions in their entirety, we find same to be a fair presentation of the law applicable to the facts in the case. We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.