**BOARD v. STATE ex rel. WALCOTT, Bank Com'r, et al.**

No. 15742—Opinion Filed Oct. 6, 1925.

1. **Banks and Banking—Failed Bank—Action to Enforce Stockholder's Liability—Assignee of Stock as Party Defendant.**

Where the state of Oklahoma, on relation of the Bank Commissioner of the state, brings action against S. as a stockholder of an insolvent state bank to recover the par value of stock appearing on the books of such bank in the name of S., and it is made to appear to the court that prior to the insolvency of the bank S. had sold, assigned, and transferred the stock to B., the court may upon motion of S. or of its own motion require B. to be made a party defendant, and an order requiring B. to be made a party defendant is not error.

2. **Same—Joint Liability of Record Owner of Stock and Transferee.**

Where S. sells and delivers to B. certain share of stock in a state bank, which bank afterwards becomes insolvent and is taken over by the Bank Commissioner of the state of Oklahoma, and the stock is not transferred on the books of the insolvent bank one year prior to the declared insolvency of the bank, S. as the record stockholder and B. as the actual owner of the stock become jointly liable for the par value of the stock sold by S. to B. in an action by the Bank Commissioner under sections 4122 and 4177, C. O. S. 1921.

3. **Appeal and Error—Review—Verdict on Conflicting Evidence.**

Where the evidence is conflicting, but there is sufficient evidence upon which the jury could reasonably predicate the verdict, and the instructions given by the court are free from error, the Supreme Court will not reverse the judgment on appeal.

4. **Same.**

The jury are the triers of the facts in all actions at law, and where there is competent testimony reasonably tending to support the verdict, the judgment rendered thereon will not be reversed by this court.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by Roy Walcott, Bank Commissioner, against H. J. Stebbins and Mandly Board. Judgment for plaintiff, and defendant Mandly Board appeals. Affirmed.

Eck E. Brook, for plaintiff in error.

West, Gibson, Sherman, Davidson & Hull, for defendant in error Stebbins.

Clarence J. Mull, for State ex rel. Bank Commissioner.

Opinion by RUTH, C. The state will be designated as plaintiff and Mandly Board will be designated as defendant in this opinion.

The state filed its action originally against H. J. Stebbins, alleging Stebbins was the

owner of stock in the Central State Bank, which bank had become insolvent and was in charge of the Bank Commissioner, and in course of liquidation. Stebbins moved to make Mandly Board a party defendant, alleging he had sold the stock to the said Board, but the same had never been transferred on the stock book of the Central State Bank. The state filed its amended petition making H. J. Stebbins and Mandly Board defendants, alleging that on October 5, 1922, and within one year from the date of the insolvency and failure of the Central State Bank, H. J. Stebbins was the owner of ten shares of the stock of the insolvent bank; that on, to wit, October 5, 1922, Stebbins sold and delivered the shares of stock to defendant Board, but on the date of the failure of the bank, to wit, August 18, 1922, the stock had not been transferred, and was still on the books of the bank in the name of H. J. Stebbins, wherefore Stebbins and Board became liable to the creditors of the bank for the par value of the stock, and plaintiff prays judgment in the sum of $1,000.

Stebbins filed answer, stating that on October 5, 1921, for a valuable consideration, he sold, assigned, set over, and delivered the stock to Mandly Board, and indorsed on the stock a power of attorney to Board, and Board agreed to attend to the transfer of the stock on the books of the Central State Bank; that Board failed to transfer the stock, and Stebbins prays that he have judgment over against Board, in the event plaintiff secures judgment against Stebbins.

Defendant Board denies he purchased the stock from Stebbins, but avers he did agree with Stebbins that if Stebbins would transfer his account to the Exchange National Bank, of which Board was then president, Board would, if possible, have the Exchange National Bank or some of its employes procure a sale of the stock, and the stock was delivered upon this agreement, and the stock was never sold, but still reposes in the desk of the cashier of the Exchange National Bank.

The cause was tried to a jury, and a verdict returned for plaintiff and against H. J. Stebbins and Mandly Board in the sum of $1,036.50. Judgment was rendered on the verdict, and the defendant Mandly Board appeals.

Defendant groups his first three assignments of error, to wit: (1) Court erred in sustaining motion of Stebbins to make Board a codefendant; (2) court erred in refusing to strike paragraphs 4, 5 and 6 of defendant's amended answer and cross-petition, and (3) court erred in not sustaining defendant's demurrer to Stebbins' answer and cross-petition, and defendant argues them under one head.

An examination of the defendant's brief discloses that in arguing these three assignments of error, defendant only urges error in making him codefendant. We find no merit in defendant's contention.

Section 219, Comp. St. 1921, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Section 224, Comp. St. 1921, provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

In M., K. & T. R. Co. v. Lynn, 62 Okla. 17, 161 Pac. 1058, it was said:

"It would have been entirely proper, and perhaps the better practice, to have brought the parties in, and certainly for the best interests of the defendant, but there is no statute requiring the court to comply with the motion. The statute (section 4996, R. L. 1910) is only mandatory where a determination of the controversy cannot be had without the presence of the other parties. * * * It was discretionary with the trial court." Haynes v. City National Bank of Lawton, 30 Okla. 614, 121 Pac. 182.

The court of its own motion may order additional parties brought in. Simpson v. Hillis, 30 Okla. 561, 120 Pac. 572. The bringing in of new parties being mandatory in some instances and discretionary in others, we find no error in the court sustaining the motion to make Mandly Board a party defendant.

Section 4122, Comp. St. 1921, provides:

"The shareholders of every bank organized under this article shall be additionally liable for the amount of stock owned and no more."

The motion of Stebbins set up the fact that he had sold, assigned and delivered 100 shares of stock in the Central State Bank, more than one year prior to its failure, to said Board, and that Board was and had been the owner of the stock for more than one year. Under the statement

Board was a necessary party, and it was not error for the court to require him to be brought in as a party defendant. The defendant Stebbins in his brief admits liability jointly with Board under section 4177, Comp. St. 1921, which provides in part as follows:

"Any shareholder, who shall sell, assign or in any manner dispose of his share of stock, shall, in the event of the insolvency of such corporation (bank), continue to be liable thereon jointly with the owner thereof, to the extent of the liability of such owner, for a period of one year from the date of the transfer of such share upon the books of such corporation, or until the bank has been examined, and the sale approved by the State Bank Examiner."

It will therefore be unnecessary to further consider this question.

The 5th, 6th, 7th, 8th, and 9th assignments of error are levelled against the sufficiency of the evidence and the failure of the court to direct a verdict for defendant Board. Stebbins testified he sold the stock to defendant and opened an account in defendant's bank and was given a pass book and a credit of $2,250. He delivered the stock duly assigned and with power of attorney to Board to have the same transferred on the books of the Central State Bank. Stock was delivered to T. F. King, cashier of defendant's bank, Board not being present. That Board had told Stebbins it was not necessary to have the stock transferred, but that he would have the same transferred on the books of the Central State Bank.

W. T. Wisdom, vice president of the Exchange National Bank, testified:

"The stock was purchased from Mr. Stebbins, and Mr. Stebbins was given credit on the books, and the stock was carried a long time as cash for $2,250. It was a checking account for Stebbins. 'We', Board, King, and myself, attended to the transaction." Witness knew the Exchange National Bank, as such, could not own stock in a competing bank. The stock was carried as a cash item to cover up the transaction.

The testimony of King, the cashier, and Board, the president, was substantially to the same effect.

This was purely a question of fact for the jury, and the jury returned a verdict for the plaintiff, and against the defendants jointly, as it was privileged to do under section 4177, Comp. St. 1921, creating a joint liability under the facts proven.

The evidence was to a slight degree con-

flicting. Stebbins testifying Board purchased and was the owner of the stock, and Board testifying that he was not the owner and intimating very strongly that the Exchange National Bank, if any one, was the owner, but admitting that he knew, under the law, his bank could not own the stock. The evidence of the plaintiff, as well as the evidence of the defendant, the vice president, and the cashier, of the Exchange National Bank, reasonably tended to prove ownership in Board.

"Where the evidence is conflicting, but there is sufficient evidence upon which the jury could reasonably predicate the verdict and the instructions given by the court are free from error, the Supreme Court will not reverse the judgment on appeal." Municipal Excavator Co. v. Walters, 97 Okla. 14, 220 Pac. 456; Mitchelson v. Commercial Inv. Trust Co., 97 Okla. 98, 222 Pac. 663; Shipman v. Conrad, 97 Okla. 216, 223 Pac. 183; Jueschke v. Seeley, 98 Okla. 133, 224 Pac. 341.

The jury are the triers of the facts in all actions at law and when their verdict is reasonably supported by the evidence, and they have been properly instructed by the court as to the law of the case, and their verdict approved by the trial court, the same will not be disturbed by the Supreme Court on appeal. Ranney-Davis Merc. Co. v. Morris, 88 Okla. 107, 211 Pac. 1044; Midland Valley R. Co. v. Maverick, 111 Okla. 201, 223 Pac. 656; Nelson v. Bradfield, 97 Okla. 259, 223 Pac. 380; Carignano v. Box, 97 Okla. 184, 223 Pac. 673; Rosendahl v. Shipman, 98 Okla. 25, 224 Pac. 165.

Finding there was competent evidence reasonably tending to support the verdict and judgment, and there was no error in the instructions given with reference to the law governing the case, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 521, § 113 (Anno). (2) 7 C. J. p. 504, § 69. (3) 4 C. J. p. 859, § 2836. (4) 4 C. J. p. 853, § 2834.