**CALHOMA OIL SYNDICATE et al. v. ATLAS SUPPLY CO.**

No. 16076—Opinion Filed Dec. 8, 1925.

Rehearing Denied March 30, 1926.

**1. Trial—Demurrer to Evidence—Effect.**

A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence, and upon demurrer to the evidence the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove.

**2. Appeal and Error—Review of Evidence—Conclusiveness of Verdict.**

Where a cause is tried to a jury, and submitted upon proper instructions by the court, and the evidence is conflicting, this court will not review the evidence for the purpose of determining the weight of the evidence, but if there is any competent evidence reasonably tending to sustain the verdict and judgment, the same will not be disturbed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by the Atlas Supply Company against W. R. McBride, W. E. Shenks, and T. A. Koetitz, trustees for the Calhoma Oil Syndicate, a common-law trust, and J. B. Ash and L. R. Ash, to recover the sum of $3,049.70 for certain oil well supplies sold and delivered to defendants. Judgment for plaintiff, and defendant trustees of the Calhoma Oil Syndicate appeal. Affirmed.

Bond & Lewis, for plaintiffs in error.

Sandlin & Winans, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court. Plaintiff brings its action against the defendants to recover the sum of $3,049.70 as the price of certain oil and gas well supplies sold and delivered to the defendants. Plaintiff alleges the defendants purchased supplies of the value of $3,337.49, upon which account there was paid the sum of $287.79, leaving the balance due as sued for. Answer was filed by the trustees for the Calhoma Oil Syndicate, denying the sale and indebtedness. Neither J. B. Ash nor L. R. Ash was served with summons, and the cause was tried to a jury, and a verdict returned for plaintiff against the answering defendants, and defendants appeal and assign as error the following:

(1) The court erred in overruling the motion of plaintiffs in error for a new trial.

(2) The court erred in not rendering judgment for defendants upon the evidence of plaintiff.

(3) The court erred in refusing and ruling out competent and legal evidence upon the part of plaintiffs in error, and in admitting evidence on the part of the defendant in error.

The assignments are presented under one head, and devoted principally to the contention that the court erred in overruling the defendants' demurrer to the plaintiff's evidence. This court has repeatedly held that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences

and conclusions which may be reasonably and logically drawn from the evidence, and upon a demurrer to the evidence, the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove. Lamb v. Ulrich, 94 Okla. 240, 221 Pac. 741; Beggs Oil Co. v. Deardorf, 97 Okla. 33, 222 Pac. 535; Shawnee Gas & Electric Co. v. Griffith, 96 Okla. 261, 222 Pac. 235.

It appears from the testimony of H. G. DeLee, local manager for the plaintiff, that W. R. McBride submitted a financial statement or "statement for credit" with the plaintiff and on behalf of the defendants, for the purpose of obtaining credit for oil and gas well supplies for a well defendants were drilling on section 18 in Stephens county. This "statement for credit" contained the names of the following officers: Pres., F. A. Koetz; V. Pres., W. R. McBride; Sec. Treas., W. E. Shenk; directors, J. B. Ash, L. R. Ash and W. R. McBride. It appears the last three were managers instead of directors.

This statement was signed by McBride on October 30, 1922, and DeLee testified that sometime thereafter, McBride ordered the supplies from plaintiff, and at the same time told plaintiff he, McBride, was going to California to spend Christmas, and the Ashes would be in charge during his absence. Thereafter a teamster, H. Lew by name, called for and received the supplies, and they were delivered on a lease on section 18. It appears J. B. and L. R. Ash originally owned a lease in section 18 and sold or transferred a portion to this defendant, and retained a portion, and their respective holdings were only divided by an imaginary line between two farms. J. B. and L. R. had drilled or were drilling for the defendant company, and had offices in the same building and room as the defendant company, and were held out by the company as directors or managers. Great stress is laid upon the failure of plaintiff to prove the teamster, H. Lew, was the agent of the defendant company, but the evidence discloses this teamster had been in the employ of J. B. and L. R. Ash, and had handled supplies from plaintiff's warehouse for the Ashes, and after this transaction had handled supplies for the defendant company.

Upon the whole, we are of opinion that plaintiff's evidence was sufficient as against demurrer, and the overruling of the demurrer was not error.

W. R. McBride, called as a witness for defendants, testified the defendant bought one-half of the Ash brothers' interest in section 18 and entered into an agreement with the "two Ashes" by which McBride would be manager with the Ash brothers, and that witness and the two Ash brothers were the managers, they officed together, and when witness was away, the Ash brothers were in charge. Witness admitted signing the "statement for credit" for the purpose of obtaining credit from the plaintiff, and admitted talking to plaintiff's local manager about the casing, but denies it was purchased by defendants or delivered by the plaintiff. No objections were lodged, and no exceptions saved to any instruction given, and no special instruction was requested. Neither of the Ash brothers nor the teamster were called as witnesses, and the cause was submitted to a jury under what we must assume were proper instructions of law applicable to the facts, and it is well settled that where a cause is submitted to a jury upon proper instructions and upon conflicting evidence, this court will not review the evidence and weigh the same for the purpose of determining the sufficiency thereof, but if there is any competent evidence reasonably tending to sustain the verdict, the same will not be reversed on appeal. Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964; Municipal Excavator Co. v. Walters, 97 Okla. 14, 220 Pac. 456; Shipman v. Conrad, 97 Okla. 216, 223 Pac. 183; Jueschke v. Seeley, 98 Okla. 133, 224 Pac. 341.

Finding there was no error committed by the court and that there was competent evidence reasonably tending to support the verdict, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1543; 26 R. C. L. p. 1062 et seq.; 3 R. C. L. Supp. p. 1490; 4 R. C. L. Supp. 1694: 5 R. C. L. Supp. p. 1437. (2) 4 C. J. p. 859, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.