## HASLEY v. BUNTE.

No. 19739. Opinion Filed Sept. 16, 1930.

Nowlin, Spielman & Thomas and P. E. Gumm, for plaintiff in error.

Hayson & Lukenbill and Raymond Everest, for defendant in error.

LESTER, V. C. J. The parties on appeal appear in the same order as in the district court, and will be referred to as plaintiff and defendant.

The plaintiff brought an action to set aside a certain alleged deed of Huldah Bunte. Upon trial of said cause and after plaintiff had rested her case, a demurrer to the evidence was interposed by the defendant, which demurrer was by the court sustained and judgment rendered in favor of the defendant.

The principal question presented on appeal is the alleged error of the court in sustaining the demurrer of the defendant to plaintiff's evidence.

It is contended by the plaintiff, who is a sister to Mrs. Huldah Bunte, that her sister signed certain papers that were represented to her as an oil and gas lease, at a time when her physical condition and eyesight were such that she was compelled to rely upon the representations of others.

It is also urged that the alleged deed was never executed and delivered by Huldah Bunte to John F. Bunte.

Willie A. Voight, witness on behalf of the plaintiff, testified in part (C.-M. 46 and 47):

"Do you recall, Mr. Voight, any conversation there between Miss Hasley and her sister and Mr. Bunte with reference to Mrs. Bunte having signed any instrument? A. Yes, sir. Q. Just tell the court in your own way, Mr. Voight, about that matter. A. Well, Mrs. Bunte asked Miss Hasley what the papers were that Bunte had her to sign, and Mr. Bunte come in and spoke to them. Miss Hasley said, 'What were those papers you had her sign?' and John said, "They were oil and gas leases concerning the home estate.' Miss Hasley said, 'Mrs. Bunte, you didn't sign a deed on any of it,' and Mrs. Bunte said, 'No, John said they were oil and gas leases.' Q. Where was Mrs. Bunte at the time she was talking? A. She was lying in bed. Q. Sick? A. Yes, sir. Q. Did Mr. Bunte make any reply when that was said by his wife? A. No, he did not. Q. She died shortly after that? A. Yes, sir."

Mr. Gene Reese (C.-M. 55, 56, and 58), another witness for the plaintiff, testified in part:

"Q. Do you recall about the time when Mrs. Bunte died; I mean about the time last year when she died? A. Yes, sir. Q. Did you have any conversation with Mr. Bunte about that time with reference to the property Mrs. Bunte had and Miss Hasley had? A. Yes, sir. Q. When was that with reference to the time of Mrs. Bunte's death? A. It was Friday or Saturday after the burial of his wife. Q. Where did that conversation take place? A. Down in Reno, in front of Freeman & Langston's grocery store. Q. Was anything said there by Mr. Bunte with reference to any deed on this property? A. There were. Q. Just tell the court in your own way what was said there at that time. A. Well, I walked across the street where he was at, and he says, 'Hello, John.' I says, 'Hello, I am sorry I couldn't be up there at the burial of your wife.' He said, 'There was quite a bunch out, they were good to her.' That is what he said. 'Well,' I said, I am sorry I could not be there' I says, 'I hope you and Ida don't have the trouble settling up the estate Ida and her sister had.' He said, 'Have got deeds to that, to her part.' I said, 'Why, how come you to get that, John?' 'Well,' he said, 'Just a few days before Huldah died, I went to her papers and got deed and taken them over to Whistler's bank and had them acknowledge them.' * * * Q. Was anything said about her acknowledging the deed? A. I says to him, 'Well, listen John, if she was sick in bed, how could she acknowledge the deed?' And he said, 'Whistler said it was all right if you acknowledged it when you were sick.' Q. He didn't claim she went to the bank with him? A. She was in bed sick, he said."

We think the above evidence tends strongly to show, first, that Huldah Bunte signed an instrument which she believed to be an oil and gas lease. Second, that John Bunte admitted that he took the so-called deed from the private papers of Huldah Bunte and had a notary public acknowledge the same.

If Huldah Bunte signed a deed but believed she was signing a lease on account of her physical condition and was thereby dependent upon John Bunte to inform her as to the character of said instrument and she was thereby misled as to its contents, it did not become her act and deed.

Again, it is shown that John Bunte admitted that he secured the deed from the private papers of Huldah Bunte. This admission shows a lack of delivery of said deed to Bunte.

"When the evidence offered or tendered by the plaintiff is sufficient to make a prima facie case, it is reversible error on the part of the trial court to sustain a demurrer thereto." Acacia Oil & Gas Co. v. Tidal Oil Co., 91 Okla. 237, 217 Pac. 372.

The demurrer should have been overruled.

In the case of Calhoma Oil Syndicate v. Atlas Supply, 117 Okla. 6, 244 Pac. 770, this court said:

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence, and upon demurrer to the evidence the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove."

Cause is reversed, with directions to overrule the demurrer of defendant to plaintiff's evidence.

MASON, C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur.

ANDREWS, J., absent. RILEY, J., dissents.

Note.—See "Appeal and Error," 4 C. J. §3006, p. 1020, n. 89. "Deeds," 18 C. J. §125, p. 215, n. 98. "Trial," 38 Cyc. p. 1543, n. 69.