**PHAROAH et al. v. BEUGLER et al.**

No. 24429. April 30, 1935.

Rehearing Denied June 18, 1935.

James C. Wright and G. L. Bynum, for plaintiffs in error.

G. R. Horner and E. G. Gilder, for defendants in error.

PER CURIAM. This is an action wherein the defendants in error, the plaintiffs in the lower court, sued the plaintiffs in error

the defendants in the district court of Okmulgee county, for damages alleged to have been sustained to the property of said defendants in error, located in the original town of Dewar, Okla.

It appears that plaintiffs owned lot I abutting lengthwise on the south side of Sixth street, in said town. That they owned a dwelling house located on the east end of lot 1, which was occupied by them as their home. The defendants in error were engaged in the business of making photographs and depended upon public patronage for their income. They owned their building on the west end of lot 1, fronting on Sixth street and used by them as a photograph gallery.

At the time the photograph gallery was constructed, the town of Dewar maintained Sixth street and a sidewalk about eight feet wide between Sixth street and plaintiffs' lot 1, along the property line of said lot and abutting upon Sixth street. That the sidewalk was used by defendants in error and the public generally as a thoroughfare, the sidewalk being about three feet above the grade of Sixth street. Plaintiffs had constructed and maintained, at their own expense, a concrete walk 58 feet in length along the west end of the property line of lot 1 in front of the picture gallery and a shale walk 82 feet in length along the east end of the property line of lot 1. The only entrance to the picture gallery was from the sidewalk. That the plaintiffs, at their expense, had constructed a driveway leading from Sixth street across lot 1, between their residence and the picture gallery. This driveway furnished a means of ingress and egress to and from their property.

The buildings of defendants in error were erected in the year 1914, at which time the town of Dewar was an incorporated town, and had, prior to the year 1914, established a grade for streets and sidewalks on Sixth street. The defendants in error alleged that during the month of June, 1930, without their consent, and over their protest, and without any corporate authority, or consent of the town of Dewar, the plaintiffs in error entered upon and excavated, dug away, removed, and destroyed said sidewalk, including both the concrete and shale walks, placed thereon by these defendants in error. That the plaintiffs in error widened Sixth street back to the property line of lot 1, and within about 12 inches of the entrance to said photograph gallery, and that the grade of said street was

left about three feet below the entrance of the photograph gallery, making the entrance to the photograph gallery uninviting, inconvenient, and difficult. That by reason of the acts of said plaintiffs in error, the value of said property was greatly decreased, and, as a result of said acts complained of, they have been damaged the reasonable market value of said property in the sum of $1,500.

Plaintiffs in error filed their separate answers, and among other things deny that they had anything to do with the building of the road or the walk referred to in plaintiffs' petition or in connection therewith personally; that if the road or street was built or repaired or widened, same was done through and under the direction and control and by the authority of the board of commissioners of Okmulgee county, and the Highway Department of the state of Oklahoma, and that the plaintiffs in error had nothing whatever to do with it in their personal or individual capacities. Plaintiffs in error further deny they damaged defendants in error's property in any amount whatever.

With the issues thus joined, the cause was tried to a jury and a verdict rendered against the plaintiffs in error, and each of them, in the sum of $400. The plaintiffs in error bring error to this court.

In the petition of the plaintiffs in error, they complain of a number of errors, but only argue three propositions:

First. That there is no competent evidence to sustain the verdict, and that the judgment is contrary to the law and evidence.

A careful examination of the record convinces us that this assignment of error is not well taken. The testimony of J. B. Beugler, at page 34, and the testimony of Tex Bowman, at page 93 of the record, abundantly supports the verdict. The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly or immediately, or by permissible inference, the essential facts. (Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 P. 723; also, Missouri, O. & G. Ry. Co. v. Smith, 55 Okla. 12, 155 P. 233.) The evidence is sufficient to sustain a judgment if there is any evidence reasonably tending to prove the essential facts. (McAlester-Edwards Coal Co. v. Stephenson, 126 Okla. 219, 260 P. 78; Great Western Coal & Coke Co. v. Serbantes, 50 Okla. 118, 150 P. 1042.)

Where a cause is submitted to a jury, the jury becomes a trier of all the facts, and if there is any competent evidence to support the verdict of the jury, the same will not be disturbed on appeal. (Midland Valley Ry. Co. v. Maverick, 111 Okla. 201, 223 P. 656.

Second. Plaintiff in error also assigns as error the giving of instructions Nos. 5, 7, and 8.

This assignment of error is without merit. Taking the instructions as a whole, they fairly present the law applicable to the pleadings and proof, as reflected by the record.

Third. Plaintiffs in error further complain that the court erred in refusing to sustain plaintiffs in error's demurrer to the evidence (R. p. 108). This court erred in refusing to grant plaintiffs in errors' request for peremptory instruction for a verdict in their favor (R. p. 147). That the judgment is excessive.

The plaintiffs in error argue under this assignment that there was no competent proof offered attempting to show that O. J. Pharoah personally in any way participated even in the grading of the street. They argue further that O. J. Pharoah was not the contractor, that he was foreman under the contractor, Pharoah & Company, Incorporated, and that J. M. Bayne was the superintendent of said company. They further argue that the record fails to show that Tex Bowman had anything to do with the breaking up of the sidewalks.

It appears to be the theory of plaintiffs in error that O. J. Pharoah and Tex Bowman do not sustain the same relation to the injury complained of, and that the verdict rendered by the jury should be set aside, at least, against either Tex Bowman or O. J. Pharoah. The plaintiffs in error made joint assignment of error.

The general rule relative to joint assignment of error is that it must be good as to all who join in the assignment or it will not be available to any of them. (Niles et al. v. Citizens National Bank of El Reno, 110 Okla. 146, 236 P. 414; Kingkade v. Plummer, 111 Okla. 197, 239 P. 628.

Plaintiffs in error cite the case of the Northern Transportation Company of Ohio v. City of Chicago, 25 L. Ed. 336, 338. This case is not applicable to the case at bar for the reason the old Constitution of Illinois made no provision for consequential damages, but simply provided that private property could not be taken for public use without just compensation, while our

Constitution, in article 2, sec. 24 says:

"Private property shall not be taken **or damaged** for public use without just compensation."

It is not necessary that there be a physical invasion of the owner's real estate to entitle him to recover damages. Property may be damaged without a physical invasion.

Under section 24, article 2, of the Constitution, above quoted, a recovery may be had where private property is damaged in making an improvement that is public in its nature, such as a city sewer. It is not required that the damages shall be caused by trespass, or an actual physical invasion of the owner's real estate; but if the construction of the sewer is the cause of the damage, though consequential, the owner of the property damaged may recover. (City of Muskogee v. Hancock, 58 Okla. 1, 158 P. 622.)

In our judgment, there was ample evidence to support the verdict and judgment of the court and the instructions fairly presented the law applicable thereto. Having found no prejudicial error, the judgmen of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. A. Minton, Fred B. Cornels, and Oscar Speed in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Minton and approved by Mr. Cornels and Mr. Speed, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.