**O. K. STORAGE & TRANSFER CO. v. HAGEN.**

No. 26911. April 13, 1937.

W. B. Wall and Warner & Warner, for plaintiff in error.

Lester E. Smith, Roy Frye, and Clarence J. Mull, for defendant in error.

PER CURIAM. This is an appeal from the district court of Sequoyah county. Joe Hagen and C. E. Page filed their action against O. K. Transfer & Storage Company, of Ft. Smith, Ark., to recover the value of 13 hinge-pin alley tables destroyed by fire when the garage of the Storage Company, located in Ft. Smith, Ark., where the tables were stored, was destroyed by fire. At the close of the evidence on behalf of the plaintiffs a demurrer was sustained as to the plaintiff, C. E. Page, and overruled as to the plaintiff Joe Hagen. The claim of Joe Hagen involved the value of five tables so stored and destroyed by the fire. The plaintiff contended that his property was not stored by the transfer company in a safe and proper place, and contended that such property should have been removed to the storeroom or warehouse of the defendant, and not stored in the garage; that no insurance was carried on the five tables, as agreed to with storage company; that the storage company was further negligent in not shipping the tables under instructions from the plaintiff, which instructions, the plaintiff contended, were given several days before the date of the fire and destruction of his property.

The defendant contended that the laws of Arkansas were applicable to storage contracts, and the particular law or act pertaining thereto was section 21, ch. 288, Sess. Laws 1915, which is as follows:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable in the absence of an agreement to the contrary for any loss or injury to the goods which could not have been avoided by the exercise of such care."

And, further, the defendant denies that it was guilty of any negligence in causing the fire or the destruction of plaintiff's goods by fire.

At the conclusion of the trial, the jury returned a verdict in favor of the plaintiff. From the judgment and verdict so returned the storage company appeals.

The first error urged by the storage company, hereinafter referred to as the defendant, is that the trial court erred in overruling the demurrer of defendant to the evidence of plaintiff, and that the court should have directed a verdict in favor of the defendant. Upon a careful examination of all the evidence disclosed by the record, we are inclined to the view that the trial court was correct. There is conflicting evidence on material facts, which matters were for the sole determination of the jury. And the jury having determined these questions, it is not within the province of this court to disturb the same. The rule of law applicable to this point is stated in Smith v. Rockett, 79 Okla. 244, 192 P. 691, as follows:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant."

The evidence presented by the plaintiff was sufficient to withstand the assault of a demurrer thereto. The evidence presented by the defendant did not change this status, and therefore the refusal of the trial court to direct a verdict in favor of the defendant was not error.

Second, the defendant contends that the trial court erred in instructing the jury. The instructions given by the court were most favorable to the defendant. This is especially true of instructions numbered 6, 7, 8, and 10. The law applicable to the facts presented by the defendant was fully covered by these instructions. As to these instructions the defendant cannot complain. Instruction No. 2 covered the

law applicable to the facts presented by the plaintiff, and as to this instruction we find no fault. Considering the instructions as a whole, they fairly and fully cover the law applicable to this case and do not authorize a reversal. Pharoah v. Beugler (3rd Syl.) 172 Okla. 633, 45 P. (2d) 1098.

It is further contended by defendant that the failure of the trial court to give requested instruction No. 11 was reversible error. We have carefully examined this instruction and find that it is faulty. The defendant does not allege in its amended answer that the plaintiff is estopped by reason of his action and conduct. The plaintiff contended that he was assured by the defendant that his property would be properly protected by insurance. The defendant denied this fact. However, in event it was true, the defendant was not obligated to carry insurance. It could assume the risk. And assuming the risk, the defendant cannot complain that because of its failure to carry insurance, and the plaintiff knew that it was not carrying insurance on his property, the plaintiff cannot recover.

As we view the evidence, the serious question which confronted the defendant was the fact that the property of plaintiff was stored in its garage. This was not its accustomed storage building. The defendant knew of the apparent fire hazard attached to personal property stored in its garage. This hazard did not exist with reference to property stored in its regular warehouse. And apparently the storage rates were the same in both buildings. Another fact which the jury probably considered was that, some days prior to the fire, the defendant received and accepted the sum of $2.50 drayage charges for draying the five tables already packed for shipment to the freight depot. The defendant did not deliver same to the freight depot, but retained same in its possession. This fact alone might be sufficient to establish negligence on the part of the defendant and render it liable for the loss of the property by fire. We have given careful consideration to the whole record, the instructions given and refused, and find no reversible error. The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys E. F. Maley, G. R. Horner, and C. B. McCrory in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Maley and approved by Mr. Horner and Mr. McCrory, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.