## HARBISON v. WHITE *et al.*

No. 6742.   Opinion Filed March 21. 1916.

(156 Pac. 335.)

1.   **CONSPIRACY—Judgment Against One.** Where an action is brought, founded upon tort. and it is averred in the petition that the acts complained of were done in pursuance of a conspiracy on the part of the defendants, and plaintiff fails in his proof of the conspiracy charged, he may, nevertheless, recover damages against such of the defendants as are shown to be guilty of the tort.

2.   **SAME—Gist of Action.** Though a conspiracy be charged in an action of tort, the conspiracy is not to be considered as of the gist of the action.

3.   **SAME—Instructions.** Where an action of tort is brought, and it is averred in the petition that the wrong complained of was in pursuance of a conspiracy, it is reversible error to instruct the jury that if the conspiracy is not shown by the evidence to exist, they should find a verdict for the defendants, if there is any evidence reasonably tending to sustain the allegations of wrong alleged against any one of the defendants.

4.   **FRAUD—Instructions.** Instructions of the court given as to the estoppel pleaded by the defendants in this case examined, and found to contain prejudicial error.

(Syllabus by Collier, C.)

*Error from District Court, Garfield County;*
*James B. Cullison, Judge.*

Action by James V. Harbison against A. B. White and others.   Judgment for defendants, and plaintiff brings error.   Reversed and remanded.

*H. Z. Wedgwood* and *Geo. D. Wilson,* for plaintiff in error.

*F. E. Chappell,* for defendants in error.

Opinion by COLLIER, C.   This is an action brought by plaintiff in error, hereafter called plaintiff, against the defendants in error, hereafter designated defendants, for

the recovery of $12,450 for fraud and deceit, by which the looting of the American Angle Steel Post Company, a corporation, was accomplished, and the value of the stock of plaintiff in said company destroyed, in furtherance of a conspiracy entered into by said defendants.

The alleged fraud and deceit consisted of statements of defendants as to what was necessary to be done to secure the discharge of the receiver in whose hands the company was, and what would be done if financial aid were furnished by the plaintiff to that end, and statements that a considerable amount of stock of the company had been agreed to be purchased by a reliable person, and that valuable contracts had been entered into for the sale of a large amount of the product of the company, and a valuable patent for the manufacturing of steel posts, controlled by the defendants, would be assigned to the company, and it is alleged that plaintiff relied upon said statements and agreements of the defendants, and that said financial aid was furnished by plaintiff, and that the said representations made by the defendants were not true.

The evidence is very voluminous, and in the view we take of the case we deem it unnecessary to refer to or review the same, other than to say that the evidence was in conflict as to the averments of the petition, but uncontradicted that the plaintiff had been a stockholder in said corporation since its organization; had been actively engaged in the management of said corporation; had known the value of it ever since; and had access to the books, records, and corporate stock and financial condition of the company during the existence thereof.

The case was tried to a jury, and, together with other instructions, the court gave the following:

### "INSTRUCTION NO. 6.

"You are instructed that in arriving at whether or not a conspiracy existed, that you should take into consideration all of the facts and circumstances surrounding the transactions complained of, and unless you find, from a fair preponderance of the evidence, that such conspiracy did exist, as defined in these instructions, then your verdict should be for the defendants.

### "INSTRUCTION NO. 7.

"You are further instructed that if you find by a fair preponderance of the evidence that a conspiracy did exist between the defendants herein, you must further find by a fair preponderance of the evidence that the common design of the conspirators was carried into force and effect, and that by reason thereof the American Angle Steel Post Company was looted, the value of its stock destroyed, and as a result the plaintiff suffered the damages complained of in his petition; and unless you so find, your verdict should be for the defendants.

### "INSTRUCTION NO. 8.

"You are further instructed that if you find from the evidence that the plaintiff was one of the promoters of said corporation, had been a stockholder in said corporation ever since the organization thereof, has been active in its management of said corporation, and has known the value of it ever since, has had access to the books and records, the corporate stock and the financial condition of the company at all times during the existence thereof, then, and in that event, the plaintiff is estopped from claiming any damages of any kind or nature whatever, of and from the defendants, and it will be your duty to return a verdict in favor of the defendants."

To each of said instructions the plaintiff duly excepted. The jury returned a verdict for the defendants, to which the plaintiff duly excepted. The plaintiff timely

moved for a new trial, which motion was overruled, exception saved, and this appeal perfected.

We are of the opinion that neither instruction No. 6 nor instruction 7 correctly states the law, and the giving of same was reversible error, for the reason that regardless of whether or not a conspiracy existed, plaintiff was entitled to recover against any one of the defendants, irrespective of want of liability on the part of the other defendants, for any wrong suffered at his hands and properly pleaded and proven.

The only effect of proving the existence of the conspiracy as alleged would have been to render any one of the conspirators liable for acts done in furtherance of the conspiracy, notwithstanding such conspirator did not actually engage in the act which was conspired to be, and was, done.

The Supreme Court of Nebraska has collated the authority upon this question in the case of *Booker v. Puyear*, 27 Neb. 346, 358, 43 N. W. 133, 137, a portion of the opinion being as follows:

"The second and third exceptions may be considered together. The Supreme Court of Vermont, in case of *Sheple v. Page*, 12 Vt. 519, held that, 'in an action on the case in the nature of a conspiracy, the gist of the action is the damage to the plaintiff, and not the conspiracy. (2) When a conspiracy is charged in a declaration between two or more, the acts of one in pursuance of the conspiracy are the acts of all in legal contemplation, and may be alleged in such case, in the declaration, as the individual acts of the one.' The case of *Jones v. Baker*, 7 Cow. [N. Y.] 445, was an action for conspiracy. In the opinion the court, by Chief Justice Savage, said: 'A writ of conspiracy, properly so called, did not lie at the common law

in any case, but where the conspiracy was to indict the party either of treason or capital felony, and a verdict had been rendered in his favor, and such writ must be brought against two at least. All the other cases of conspiracy in the books were but actions on the case. Though it was usual in such actions to charge a conspiracy, yet they might be brought against one. *Skinner v. Gunston,* 1 Saund. 230, note 4; *Sav:le v. Roberts,* 1 Ld. Raym. 378, 379. This was an action against one only for procuring the plaintiff to be indicted of a riot. It was an action on the case, and was held to lie. The case of *Subley v. Mott,* 1 Wils. 210, was a special action on the case for a malicious prosecution. After verdict against one only, a motion was made in arrest, in answer to which it was argued that this was an action on the case, founded on a wrong, where, if any one be found guilty, the plaintiff should have judgment, and of that opinion was the whole court; and they considered such to be the settled law since the case of *Skinner v. Gunston,* 1 Saund. 230. * * * An actual conspiracy can seldom be proved unless by circumstances, but, if there be no evidence of conspiracy, the plaintiff may recover against one alone where there is sufficient evidence against him, though not enough against the other. This being an action founded in tort, one defendant may be found guilty, and the other have a verdict in his favor. The damage here is the gist of the action, not the conspiracy. The plaintiff showed damage, and, if it resulted from the wrongful acts of the defendants or either of them, the plaintiff was entitled to recover."

In *Heron v. Hughes,* 25 Cal. 556, it is said:

"Where two or more are sued for a wrong done, it may be necessary to prove previous combination in order to secure a joint recovery, but it is never necessary to allege it, and if alleged it is not to be considered as of the gist of the action.

"An averment that the act was done in pursuance of a conspiracy does not change the nature of the action, or

add anything to its legal force and effect; if a plaintiff fail in the proof of a conspiracy or concerted design, he may yet recover damages against such of the defendants as are shown to be guilty of the tort, without such averment. The charge of conspiracy, when unsupported by the evidence, will be considered mere surplusage not necessary to prove to support the action." 8 Cyc. p. 647, and authorities there cited.

We are also of the opinion that the effect of instruction No. 8 was to peremptorily instruct the jury in favor of the defendants, and was prejudicial error. The fact that the plaintiff had been a stockholder in the said corporation ever since its organization, and actively engaged in the management of said corporation, and had known the value of it ever since, and had access to the books and records, the corporate stock and the financial condition thereof, at all times since the existence thereof, if there was evidence to support the allegations in the petition, that certain promises and representations were made by the defendants, upon which he relied and which were untrue, and by which he was damaged, and which was not covered by his knowledge of the corporation and its affairs, would not estop him from a recovery if he suffered wrong by reason of such fraud and deceit.

"It is only when the evidence, with all the inferences the jury could justifiably draw from it, will be insufficient to support a verdict for plaintiff that the court is authorized to direct a verdict for defendants; and, unless the conclusion follows as a matter of law that no recovery can be had upon any view" of any fact "which the evidence tends to establish, the case should be left to the jury, under proper instructions." *(Abbot v. Dingus,* 44 Okla. 567, 145 Pac. 365.)

As the errors pointed out work a reversal of this cause, we deem it unnecessary to review any other of the errors assigned than the ones considered.

This case should be reversed and remanded.

By the Court: It is so ordered.