## McALESTER - EDWARDS COAL CO. v. STEPHENSON, Adm'x.

No. 16412.   Opinion Filed June 28, 1927.

Rehearing Denied Sept. 27, 1927.

(Syllabus.)

**1. Appeal and Error—Briefs—Lack of Citations of Authority.**

A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.

**2. Same—Sufficiency of Evidence to Support Judgment.**

The evidence is sufficient to sustain a judgment if there is any evidence reasonably tending to prove the essential facts.

**3. Same—Conflicting Evidence not Weighed.**

A judgment, supported by the testimony of a single witness, will be sustained, notwithstanding several other witnesses testify to the contrary on a material point, as this court will not weigh evidence against conflicting evidence. Bruce v. McIntosh, 57 Okla. 774, 159 Pac. 261.

**4. Trial—Sufficiency of Instructions as a Whole.**

It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Mrs. Vera Stephenson, as administratrix of the estate of Hal Stephenson, deceased, against the McAlester-Edwards Coal Company. Judgment for plaintiff, and defendant appeals. Affirmed.

George M. Porter and John L. Fuller, for plaintiff in error.

Guy L. Andrews and Utterback & Stinson, for defendant in error.

PHELPS, J. Hal Stephenson was employed by McAlester-Edwards Coal Company, plaintiff in error herein, as a shot firer in its coal mine No. 1 in Pittsburg county, and while thus engaged an explosion occurred in said mine, resulting in the death of said Hal Stephenson. His widow, Vera Stephenson, defendant in error herein, having been appointed administratrix of his estate, filed her action in the district court of Pittsburg county, praying damages because of the negligence of plaintiff in error in not properly ventilating and keeping said mine free from dust and gases.

Plaintiff in error filed its answer to her petition, pleading contributory negligence and claiming that because of the negligence of the deceased in firing the shots which resulted in the mine explosion, the mine was damaged, and as a counterclaim prayed judgment against the plaintiff in the lower court. This counterclaim, however, was, upon motion, stricken from the pleadings.

The cause was tried to a jury, resulting in a verdict in favor of plaintiff for $10,000, upon which judgment was rendered, to reverse which this appeal is prosecuted.

Plaintiff in error presents 30 separate specifications of error, but argues them in its brief under six different propositions, the first of which is that the court erred in sustaining the motion, in the trial court, of plaintiff to strike plaintiff in error's counterclaim. In support of this proposition, however, plaintiff makes no argument and cites no authorities, but counsel content themselves by merely reciting as error the action of the trial court in striking from the pleadings plaintiff in error's claim to be reimbursed for the damage done to the mine, which was claimed to be the result of the negligence of the deceased. Under the rule laid down, however, in Connelly v. Adams, 52 Okla. 382, 152 Pac. 607, we shall not consider this assignment of error. In the third and fourth paragraphs of the syllabus of the above-cited case this court said:

"Where an assignment of error is not argued in the brief or supported by authorities, such assignment of error is held to be abandoned.

"An assignment of error which, in effect, merely alleges that the court erred in rendering judgment for one party and against the other, presents nothing to this court for review."

This rule was followed by this court in Arbuckle Mining & Milling Co. v. Beard, 56 Okla. 844, 155 Pac. 1138, which opinion is supported by a number of authorities there-

in cited. The same conditions obtain and this rule also applies to plaintiff in error's propositions numbered 3 and 5.

Section 7585, C. O. S. 1921, provides that:

"In case any entry or room in any coal mine in this state is so dry that the air becomes clogged with dust, the operator, owner, lessee or agent, or whoever is operating said mine in any capacity, shall have such entry, air-way, or room, regularly and thoroughly sprinkled, sprayed and dampened with water, so that the air will not be charged with dust, or if that be impracticable, then the dust shall be removed from the mine and shall not be deposited in any place in the mine where it would be again distributed in the atmosphere by the ventilating currents. * * *"

The principal allegation of negligence resulting in the death of the deceased was predicated upon a violation of this section of the statute. Counsel for plaintiff in error, however, in their second proposition insist that the evidence supporting this allegation of negligence is not sufficient to justify the verdict and that the court erred in refusing to direct a verdict for the defendant in the trial court and, for the same reason, erred in refusing to grant a new trial.

A careful examination of the record, however, convinces us that this assignment of error is not well taken. It is true that the direct evidence as to the cause of the explosion resulting in the death of the deceased is not entirely definite and certain, but there is abundant evidence in the record showing an accumulation of dust in the mine; that it had not been properly sprinkled for quite a while prior to the accident; that the deceased and another shot firer had complained to the mine foreman, that the mine was becoming dangerous because of its dry and dusty condition.

Under the well-established rule in this state, that the evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly or immediately, or by permissive inference, the essential facts (Great Western Coal and Coke Co. v. Serbantas, 50 Okla. 118, 150 Pac. 1042; Missouri, O. & G. Ry. Co. v. Smith, 55 Okla. 12, 155 Pac. 233; Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 Pac. 723), the verdict of the jury in the instant case must be upheld.

It is contended by plaintiff in error that there is no evidence showing that the air in the mine had become "clogged with dust" as contemplated by section 7585, supra. This was a question of fact to be decided by the jury from all the evidence introduced. There

is abundant evidence in the record to justify the submission of this question to the jury. In Folsom-Morris Coal Mining Co. v. Fautt 92 Okla. 1, 218 Pac. 158, it was contended, as in the case at bar, that no witness had specifically testified that the air had become "clogged with dust," but this court followed the rule laid down in the above cited cases and sustained the verdict of the jury.

Under plaintiff in error's fourth proposition it is insisted that the court committed error in giving instructions numbered 5 and 6, and also committed error in refusing to give plaintiff in error's requested instruction numbered 5, which instructions deal with the question of whether deceased was guilty of contributory negligence and the proximate cause of the accident.

A similar condition to the one at bar was presented in San Bois Coal Co. v. Resetz, 43 Okla. 384, 143 Pac. 46, and, measured by the rule therein stated, the instructions given fairly presented the issues to be submitted to the jury, and the court did not commit reversible error in either giving the instructions that were given or refusing the one requested. It has long been the settled law of this state that where all the instructions, taken together, fairly and correctly present the issues involved, as determined by the pleadings and the evidence in support thereof, it is not necessary that each instruction contain all the law applicable to the case. Neither is it reversible error for the court to refuse to give a requested instruction, although it may correctly state the law, provided the instructions that are given fairly and reasonably cover the issues presented by the requested instruction. Hope Natural Gas Co. v. Ideal Gasoline Co., 114 Okla. 30, 243 Pac. 206.

In the sixth proposition presented by plaintiff in error complaint is made that the trial court committed error in refusing to admit testimony offered by plaintiff in error, but a careful examination of the whole record convinces us that the court properly rejected the evidence offered, and, taking the entire record as a whole, we reach the conclusion that the cause was properly submitted to the jury upon proper instructions and see no good reason why the judgment of the court, rendered upon the jury's verdict, should be disturbed.

The judgment is, therefore, affirmed.

All the Justices concur.