## LUTNER et al. v. SHOFFNER.

No. 25130. April 13, 1937.

Supplemental Opinion Nov. 16, 1937.

Amil H. Japp and Hoyt & Stephens, for plaintiffs in error.

Baird & Jones and Bob Howe, for defendant in error.

PER CURIAM. This is an action commenced in the district court of Oklahoma county, Okla., by the defendant in error, Isobel Shoffner, hereinafter called plaintiff, against the plaintiffs in error, Thomas R. Lutner and G. G. Antene, hereinafter designated as defendants. The plaintiff in her petition, in substance, charges that the defendants, acting together with a singleness of purpose, cheated, swindled, and defrauded her out of the sum of $1,500 by inducing her to invest her savings in worthless stock, and that she was so induced by means of false representations made to her verbally and contained in a certain prospectus bearing the names of the defendants as officers and directors and issued with their knowl-

edge and consent. The cause was tried to a jury and resulted in a judgment of the trial court in favor of the plaintiff.

The defendants urge two assignments of error for reversal of the judgment, having abandoned the remainder of the errors assigned by failing to argue or urge them.

The defendants first contend that the evidence is insufficient to sustain the verdict of the jury and the judgment of the trial court.

A careful examination of the voluminous record convinces us that the evidence reasonably supports the verdict of the jury and the judgment of the trial court. There is abundant evidence in the record showing the plaintiff was induced to purchase the stock by representations, both verbal and as printed in the prospectus; that the defendant Thomas R. Lutner was a physician; that he had the confidence of the plaintiff, and while treating her for eye and sinus trouble went over the prospectus with the plaintiff, verified the contents thereof, recommended the purchase of the securities, advised plaintiff that he was a director of the company, called her attention to his name and the names of the other officers and directors set forth in the prospectus. The evidence also supports the view that the defendant Antene was an officer and director of the companies, named in the prospectus, received the subscription of and issued and forwarded the securities to the plaintiff; that the said defendants knew or should have known that the representations made and set forth in the prospectus were untrue; that the stock and securities sold to the plaintiff were not 100 per cent. guaranteed by collateral securities on deposit with a bonded custodian of the company; that she could not get her money back on demand; that the plaintiff relied upon the representations, parted with her securities and cash in an amount of $1,500, and received therefor an investment certificate in the Collateral Corporation of Oklahoma of face value of $450 and stock in the Collateral Syndicate in the sum of $1,050; that the said Collateral Syndicate and the said Collateral Corporation of Oklahoma had not been authorized to sell securities in the state of Oklahoma; that such securities so sold to the plaintiff are and were without value.

It is contended by the defendants that there is no evidence showing that the defendants conspired together, and that the conspiracy is the basis of the action. The record discloses that one Dan C. McLaren had promoted a series of corporations; that the defendant Antene had been an officer in most of such companies; that the defendant Thomas R. Lutner has been a stockholder in such other companies promoted by the said Dan C. McLaren; that the defendants, Antene and Lutner, received their interest in the Collateral Corporation of Oklahoma and the Collateral Syndicate through exchange of stock held by them in other companies promoted by McLaren, and this exchange of securities being made at a time when defendant Lutner did not think he could realize upon his investment. The record further discloses that the defendant Antene took his instructions from McLaren, and that the said McLaren was frequently with the defendant Lutner pending the sale of the securities to the plaintiff. Such common interest and common association constitutes some evidence of conspiracy.

In the case of Harbison v. White, 56 Okla. 566, 156 P. 335, this court stated:

"Where an action is brought, founded upon tort, and it is averred in the petition that the acts complained of were done in pursuance of a conspiracy on the part of the defendant, and plaintiff fails in his proof of the conspiracy charged, he may, nevertheless, recover damages against such of the defendants as are shown to be guilty of the tort."

"Though a conspiracy be charged in an action of tort, the conspiracy is not to be considered as of the gist of the action."

Under the well-established rule in this state, that the evidence is sufficient to sustain a judgment if there is any evidence whatsoever reasonably tending to prove, either directly or immediately, or by permissive inference, the essential facts (McAlester-Edwards Coal Co. v. Stephenson, Adm'r, 126 Okla. 219, 260 P. 78), the verdict of the jury in this case must be sustained.

The defendants for their second contention for reversal of the judgment state that: The court erred in its charge to the jury as a whole, said charge as a whole being insufficient to fully state the issues presented by the evidence and pleadings, and is contradictory in that instruction No. 5 given to the jury is in opposition to and contradictory to instruction No. 3 given by the court to the jury.

The instructions complained of as being contradictory are as follows:

Instruction No. 3. "If you find from a preponderance of the evidence, facts and

circumstances in proof that the defendants, Thomas R. Lutner and G. G. Antene, entered into a conspiracy with each other or with any other person or persons to defraud the plaintiff herein, and that in furtherance of said conspiracy said defendants or either of them knowingly made false representations to the plaintiff herein for the purpose of inducing the plaintiff to purchase the stock alleged to have been purchased by her, and that as a result thereof she was induced to purchase stock in certain corporations and that said stock was of no value, then and under such circumstances it would be your duty to return a verdict in favor of the plaintiff and against the defendant or defendants whom you find to be guilty of such wrongful conduct. Unless you should so find, it would be your duty to return a verdict in favor of the defendants or defendant."

Instruction No. 5. "You are further instructed that the plaintiff herein complains of the fact that the defendant Antene and the defendant Lutner permitted their names to be shown on the prospectus which the corporation in question printed and distributed with a view of selling stock, and that said prospectus contained certain false and fraudulent statements which induced the plaintiff herein to purchase the stock in question. In this connection, you are told that persons who knowingly permit the use of their names in connection with a fraudulent transaction and for the purpose of inducing others to invest in stocks are liable to persons who may make investments and suffer loss as a result thereof, in the event the persons who make such investments and suffer such loss rely wholly or in part upon such prospectus and the fact that the defendant's names are used in connection therewith."

This court, in the case of Mangum Electric Co. v. Border, 101 Okla. 64, 222 P. 1002, stated:

"In a civil action for damages instituted against members of a conspiracy, the gist of the action is the damages; while, in a criminal prosecution for the offense of conspiring, the gist of the action is the conspiracy."

Instruction No. 3, in effect, tells the jury that before the plaintiff would be entitled to recover, the conspiracy should be established. Such instruction was not applicable to the case and the holdings of this court. However, instruction No. 3 is, in substance, the same as one of the instructions requested by the defendants. It was more favorable to the contentions of the defendants than they were entitled to, and if such invited instruction produced an inconsistency in instructions, it is not available to the defendants as reversible error.

Instruction No. 5 is in accord with the present trend of legislation and judicial rulings, and was applicable to the law and circumstances of the case.

We have carefully examined the whole record, together with the briefs of counsel, all of which have been carefully considered. All the instructions, taken together, fairly and correctly present the issues involved, as determined by the pleadings and the evidence in support thereof. The evidence reasonably tends to support the verdict of the jury, and we see no good reason to disturb the judgment of the court rendered upon the verdict of the jury. The judgment is, therefore, affirmed.

The Supreme Court acknowledges the aid of Attorneys Lewis J. Bicking, J. A. Denny, and J. H. Maxey in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bicking and approved by Mr. Denny and Mr. Maxey, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.

### Supplemental Opinion.

It has been called to the attention of this court by a proper motion filed that the defendant in error died on February 20, 1937. All of the briefs had been filed prior to November 18, 1934. We therefore hold that the cause was properly submitted prior to the death of the defendant in error on February 20, 1937. Under the rule announced by this court in Spencer v. Hamilton, 156 Okla. 194, 13 P. (2d) 81, and House v. Gragg, 170 Okla. 550, 44 P. (2d) 832, in such a case the opinion will be withdrawn and refiled as of a date prior to the death of the defendant in error.

It is therefore directed that the opinion be withdrawn and refiled as of December 17, 1934, the date of submission of the cause.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, CORN, HURST, and DAVISON, JJ., concur. WELCH, J., absent.